T.C. Memo. 2004-20


UNITED STATES TAX COURT


SCOTT ROMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8931-03L.          Filed January 28, 2004.


        P filed a petition for judicial review pursuant to
sec. 6330, I.R.C., in response to a determination by R
that levy action is appropriate.

        <u>Held</u>:  Because there was no abuse of discretion by
R in rejecting P's offer in compromise, R's
determination to proceed with collection action is
sustained.

<u>Kirk T. Karaszkiewicz</u>, for petitioner.

<u>Jack T. Anagnostis</u>, for respondent.

MEMORANDUM OPINION

WHERRY, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121.[1] The instant proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  The issue for decision is whether respondent may proceed with collection of tax liabilities for the years 1994 and 1996 as so determined.

## Background

Petitioner filed Federal income tax returns for 1994 and 1996 showing balances due and did not fully pay the reported liabilities.  Respondent subsequently assessed the unpaid amounts and on March 20, 2002, issued to petitioner a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing with regard to the 1994 and 1996 taxable years.  The notice reflected a total amount due of $50,725.97, including taxes, penalties, and interest.  In response to the notice, petitioner's representative, Kirk T. Karaszkiewicz (Mr. Karaszkiewicz), timely submitted to respondent a Form 12153, Request for a Collection Due Process Hearing.  The Form 12153 contained the following explanation of petitioner's disagreement with the notice of levy:

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

"I filed an Offer in Compromise for the tax liabilities in question on March 15, 2002."

By a letter dated August 30, 2002, Settlement Officer Ronald J. Kroll (Mr. Kroll) advised petitioner that he had received petitioner's case for Appeals consideration and would write or call to schedule a conference. Mr. Karaszkiewicz responded by a letter dated September 24, 2002, requesting that Mr. Kroll contact him to arrange a mutually convenient conference.

Mr. Kroll investigated concerning the reference to an offer in compromise made in petitioner's Form 12153. He found that while an earlier offer in compromise, apparently submitted in about December of 2000, had been returned to petitioner in December of 2001, Internal Revenue Service records did not reflect a March 15, 2002, offer. When Mr. Kroll advised Mr. Karaszkiewicz by telephone on October 2, 2002, of what he had learned, Mr. Karaszkiewicz said that the earlier offer had been returned because additional documentation requested had not been timely submitted. Mr. Karaszkiewicz also indicated that he would send a copy of the subsequent March 15, 2002, Form 656, Offer in Compromise, and Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals.

On November 22, 2002, having not received the promised copies of Forms 656 and 433-A, Mr. Kroll sent to

Mr. Karaszkiewicz a letter referencing the copies and stating, in

pertinent part:

> I have not received these documents.  The offer was the
> only collection alternative proposed in your appeal.

> Please be advised that I am offering one final
> opportunity for you to provide the information for
> consideration as an alternative means of collection.
> You have 15 days from the date of this letter to file
> an offer in compromise or send me a written proposal on
> how you plan to resolve these liabilities.  Enclosed
> are Forms 656 and 433-A.

> If the documents are not received within 15 days, I
> will issue a determination letter based on current
> information.  No further extensions or exceptions will
> be considered.

On November 26, 2002, Mr. Karaszkiewicz sent to Mr. Kroll copies

of the requested documents.

The offer in compromise proposed to pay a total of $15,000

by remitting $5,000 within 90 days of acceptance and the balance

in 10 monthly installments of $1,000.  In conjunction with his

review of the offer, Mr. Kroll both contacted Mr. Karaszkiewicz

by telephone with questions regarding the materials provided and

subsequently sent a letter dated January 21, 2003,[2] requesting

additional information necessary for consideration of the offer.

The letter also advised:  "Please see that I receive the

requested information no later than February 18, 2003.  Failure

to submit the information may result in the recommendation that

---

[2] We note that Mr. Kroll's case activity record in one
instance, specifically the entry for March 10, 2003, apparently
refers to this letter erroneously as the "1/31/03 letter".

your client's offer be rejected without further consideration."
On February 18, 2003, Mr. Karaszkiewicz hand-delivered documents
to Mr. Kroll in response to the January 21, 2003, letter.

In his examination of the hand-delivered documents,
Mr. Kroll found that several of the requested items had not been
provided. He further became privy to new facts indicating that
additional collection information statements would be required in
order to complete consideration of the offer. Specifically, the
documents revealed that petitioner owned yet another corporation
and had recently married, necessitating collection information
with respect to the company and to petitioner's spouse.
Mr. Kroll advised Mr. Karaszkiewicz of these developments by
telephone on March 10, 2003, and Mr. Karaszkiewicz said he would
try to provide the requested materials by March 25, 2003.

On March 26, 2003, Mr. Karaszkiewicz sent to Mr. Kroll a
brief fax stating as follows: "Mr. Kroll, please excuse the
delay in providing the additional documentation which we
discussed. This delay has been caused exclusively by my trial
commitments. I have not been able to review the documents with
Mr. Roman. I assure you that we will quickly provide them."
When, 6 weeks later, the requested information had not been
submitted, Mr. Kroll determined that the proposed collection
alternative could not be accepted and that collection by levy
should proceed. The corresponding Notice of Determination

Concerning Collection Actions(s) Under Section 6320 and/or 6330 was issued to petitioner on May 14, 2003.

The notice summarized respondent's determination: "You proposed an offer in compromise in the amount of $15,000 as your collection alternative. We must reject your offer because you failed to submit the additional information requested which was needed to make a determination regarding the acceptance of your offer. Levy action is, therefore, appropriate." An attachment to the notice provided further details and indicated that, beyond the proposed collection alternative, "No other issues were raised" by the taxpayer.

Petitioner's petition challenging this notice of determination was filed with the Tax Court on June 11, 2003, and reflected an address in Marlton, New Jersey. Petitioner contends in the petition that he did not receive a fair hearing as required by section 6330, and that respondent erred in rejecting petitioner's offer in compromise, due to respondent's decision that "'Six weeks of silence' amounts to a 'failure to submit the requested documents'". Respondent prepared and filed an answer to the petition and subsequently filed the subject motion for summary judgment. Petitioner filed a response to respondent's motion.

## Discussion

I.  General Rules

    A.  Summary Judgment

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy."  Rule 121(b) directs that a decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."

The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  Facts are viewed in the light most favorable to the nonmoving party.  Id.  However, where a motion for summary judgment has been properly made and supported by the moving party, the opposing party may not rest upon mere allegations or denials contained in that party's pleadings but must by affidavits or otherwise set forth specific facts showing that there is a genuine issue for trial.  Rule 121(d).  The Court has considered the pleadings and other materials in the record and

concludes that there is no genuine justiciable issue of material fact in this case.

B.  Collection Actions

Section 6331(a) authorizes the Commissioner to levy upon all property and rights to property (except property exempt under section 6334) of a taxpayer where there exists a failure to pay any tax liability within 10 days after notice and demand for payment.  Sections 6331(d) and 6330 then set forth procedures generally applicable to afford protections for taxpayers in such levy situations.  Section 6331(d) establishes the requirement that a person be provided with at least 30 days' prior written notice of the Commissioner's intent to levy before collection may proceed.  Section 6331(d) also indicates that this notification should include a statement of available administrative appeals. Section 6330(a) expands in several respects upon the premise of section 6331(d), forbidding collection by levy until the taxpayer has received notice of the opportunity for administrative review of the matter in the form of a hearing before the Internal Revenue Service Office of Appeals.  Section 6330(b) grants a taxpayer who so requests the right to a fair hearing before an impartial Appeals officer.

Section 6330(c) addresses the matters to be considered at the hearing:

> SEC. 6330(c).  Matters Considered at Hearing.--In the case of any hearing conducted under this section--

(1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.

(2) Issues at hearing.--

(A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--

(i) appropriate spousal defenses;

(ii) challenges to the appropriateness of collection actions; and

(iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

(B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Once the Appeals officer has issued a determination regarding the disputed collection action, section 6330(d) allows the taxpayer to seek judicial review in the Tax Court or a District Court. In considering whether taxpayers are entitled to any relief from the Commissioner's determination, this Court has established the following standard of review:

where the validity of the underlying tax liability is properly at issue, the Court will review the matter on

a de novo basis.  However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. [Sego v. Commissioner, 114 T.C. 604, 610 (2000).]

C.  Offers in Compromise

Section 7122(a), as pertinent here, authorizes the Secretary of the Treasury to compromise any civil case arising under the internal revenue laws.  Regulations promulgated under section 7122 set forth three grounds for compromise of a liability:  (1) Doubt as to liability, (2) doubt as to collectibility, or (3) promotion of effective tax administration.  Sec. 301.7122-1(b), Proced. & Admin. Regs.[3]  With respect to the third-listed ground, a compromise may be entered to promote effective tax administration where:  (1)(a) Collection of the full liability would cause economic hardship; or (b) exceptional circumstances exist such that collection of the full liability would undermine

---

[3] Sec. 301.7122-1, Proced. & Admin. Regs., contains an effective date provision stating that the section applies to offers in compromise pending on or submitted on or after July 18, 2002.  Sec. 301.7122-1(k), Proced. & Admin. Regs.  Previous temporary regulations by their terms apply to offers in compromise submitted on or after July 21, 1999, through July 19, 2002.  Sec. 301.7122-1T(j), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 39027 (July 21, 1999).  Because the final and temporary regulations do not differ materially in substance in any way relevant here, we need not resolve which section would apply in petitioner's circumstances.  We further note that temporary regulations are entitled to the same weight and binding effect as final regulations.  Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996).  For simplicity and convenience, citations will be to the final regulations.

public confidence that the tax laws are being administered in a fair and equitable manner; and (2) compromise will not undermine compliance by taxpayers with the tax laws. Sec. 301.7122-1(b)(3), Proced. & Admin. Regs.

II. Analysis

Nothing in the record indicates that petitioner has at any time throughout the administrative or judicial proceedings attempted to challenge his underlying tax liability. Accordingly, we review respondent's determination to proceed with collection for abuse of discretion. Action constitutes an abuse of discretion under this standard where arbitrary, capricious, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

In arguing that rejection of his offer was an abuse of discretion and deprived him of a fair hearing, petitioner focuses on the "deadline" allegedly set by Mr. Kroll. In his response to respondent's motion, petitioner makes what he characterizes as an "equitable argument" and contends as follows:

> Settlement Officer Kroll should not have unilaterally decided on a "deadline" for submission of documents, and then not communicated the "deadline" to Petitioner's counsel. The administrative record reveals that the Settlement Officer made repeated requests for additional information, all of which except the last were responded to. Additionally, Petitioner, through his counsel, responded to each request, and also responded when there was a delay in providing the documents responsive to the last request. * * *

Petitioner further alleges that the effect of the "deadline" was a failure by Mr. Kroll to take into consideration both the issues raised by the taxpayer and the balancing of efficient collection and taxpayer intrusion.

The difficulty with this argument is that, while petitioner may have preferred more time to provide the materials requested, respondent's conduct in these circumstances can hardly be characterized as arbitrary, capricious, or without sound basis in fact or law. The record reflects that throughout the administrative process petitioner was given multiple and repeated opportunities to submit sufficient information to support his offer in compromise. Petitioner's counsel should also have been well aware of the consequences of failure to provide requested materials. An earlier offer had been returned for this reason, and Mr. Kroll's November 22, 2002, and January 21, 2003, letters clearly advised Mr. Karaszkiewicz that a failure to supply the additional information requested would lead to rejection of petitioner's subsequent offer and issuance of a determination letter without further consideration.

Concerning particularly the final "deadline" of which petitioner complains, respondent issued the notice of determination on May 14, 2003. This date is more than 2 months after Mr. Kroll's final request for information on March 10, 2003. It is also 6 weeks after the March 25, 2003, date by which

Mr. Karaszkiewicz initially stated he would try to supply the materials and the March 26, 2003, date on which Mr. Karaszkiewicz said the information would be "quickly" provided. Moreover, we note that it is more than 2 years after petitioner's initial submission of an offer in compromise. In these circumstances, and especially in light of the absence of any further communication from petitioner to alter the implications of the "quickly" language, waiting for 6 weeks falls within the bounds of reasonableness.

Section 6330 entitles taxpayers to "a hearing". No statutory or regulatory provision requires that taxpayers be afforded an unlimited opportunity to supplement the administrative record. Nor are petitioner's contentions regarding lack of warning well taken where the record in this case is replete with explicit deadlines that respondent generously extended for petitioner's benefit. The statute only requires that a taxpayer be given a reasonable chance to be heard prior to the issuance of a notice of determination. The consideration of petitioner's case thus did not fail to comply with the terms for a fair hearing set forth in section 6330.

Consequently, we conclude that there was no abuse of discretion in respondent's decision to reject petitioner's offer in compromise. In absence of the requested information, respondent was unable reasonably to determine that petitioner's

circumstances satisfied the conditions necessary for compromise of a tax liability.  Evaluation of potentially pertinent grounds for compromise, such as doubt as to collectibility or a showing of economic hardship, would require complete financial data.  The record is equally bereft of any indication of exceptional circumstances suggesting that collection here could undermine public confidence in tax administration.  Hence, the Court holds that respondent's determination to proceed with collection of petitioner's tax liabilities was not an abuse of discretion.  See e.g., <u>Van Vlaenderen v. Commissioner</u>, T.C. Memo. 2003-346; <u>Neugebauer v. Commissioner</u>, T.C. Memo. 2003-276. We shall grant respondent's motion.

To reflect the foregoing,

<u>An appropriate order granting respondent's motion for summary judgment and decision for respondent will be entered</u>.