T.C. Memo. 2005-242

UNITED STATES TAX COURT

ARTHUR MANJOURIDES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19979-04L.              Filed October 13, 2005.

<u>Timothy J. Burke</u>, for petitioner.

<u>Nina P. Ching</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  This matter is before the Court on
respondent's motion for summary judgment pursuant to Rule 121.[1]
The issue for decision is whether respondent may proceed to
collect by levy unpaid Federal income taxes with respect to
petitioner's 1996 tax year.  After considering respondent's
motion and petitioner's response thereto, we conclude that a

---

[1] Unless otherwise indicated, all Rule references are to the
Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code, as amended.

hearing on respondent's motion would not materially assist in our determination of this matter. For reasons stated below, we will grant respondent's motion for summary judgment.

## Background

The record establishes or the parties do not dispute the following.

When he filed his petition, petitioner resided in Boston, Massachusetts.

Petitioner filed an untimely Federal income tax return for 1996 and failed to fully pay the income tax liability reported on the return. On October 9, 2003, respondent issued petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (final levy notice) with respect to his unpaid 1996 Federal income tax liability. On October 10, 2003, respondent issued petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (final lien notice) with respect to his unpaid 1996 income tax liability.

Petitioner timely filed separate Forms 12153, Request for a Collection Due Process Hearing, with respect to the final levy notice and the final lien notice. These Forms 12153 stated identically:

> The taxpayer is requesting a due process hearing
> as the Service is by threatening enforcement actions is
> [sic] acting in a manner which is contrary to the best
> interest of the government and the taxpayer.

It is in the best interest of the government and the taxpayer that an Offer in Compromise be entered into.

Accordingly, the taxpayer requests that the government enter into a voluntary agreement to address the taxpayer's past due taxes.

The Appeals officer advised petitioner's counsel, Timothy Burke (Mr. Burke), that petitioner had not filed Federal income tax returns for taxable years 1997 through 2002 and that he would need to file them by November 17, 2003, before any collection alternative could be considered. On October 27, 2003, petitioner filed his Federal income tax returns for 1997 through 2002, reporting a balance due for each year.

On August 6, 2004, Mr. Burke contacted the Appeals officer to discuss the possibility of petitioner's entering into an installment agreement.[2] On August 16, 2004, petitioner submitted Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and Form 433-B, Collection Information Statement for Businesses. On Form 433-A, petitioner indicated, among other things, that he owned a "50% Interest" in certain real property in Boston, Massachusetts (the real estate). Petitioner listed the current value of his interest in the real

---

[2] The Appeals officer's case activity report indicates that Mr. Burke had acknowledged that petitioner was ineligible for an offer-in-compromise.

estate as $363,500.  Petitioner did not list any mortgages or loans that encumbered the real estate.

In reviewing petitioner's submitted information, the Appeals officer determined that petitioner had filed his 2003 Federal income tax return showing a balance due without making full payment and had failed to make any estimated tax payments for 2004.  On August 31, 2004, the Appeals officer informed Mr. Burke by telephone conference that petitioner was ineligible for an installment agreement because he was not current with his Federal income tax obligations and because petitioner had the ability to fully pay his income tax liabilities by obtaining a mortgage on his 50-percent interest in the real estate.  Mr. Burke indicated that he would discuss these matters with petitioner.

Having received no response from petitioner or Mr. Burke, on September 20, 2004, respondent issued the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination).  The notice of determination sustained the proposed collection action and stated:

> It is the policy of the Service not to grant an
> installment agreement if the taxpayer is not paying his
> current tax liabilities.  You filed your 2003 tax
> return without payment, and no estimated tax payments
> have been made for 2004.  Therefore, your request for
> an installment agreement is denied.

> Analysis of the Collection Information Statement which
> you submitted indicates that you have the ability to
> borrow money to pay your liabilities in full.  This is
> to your advantage, as it is likely that you will be
> able to borrow at a lower rate than the effective

interest rate charged by the Service when combined with the failure to pay penalty.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted where there is no genuine issue of any material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact; factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

Petitioner contends that the Appeals officer erred in rejecting his installment agreement and in improperly and prematurely concluding the Appeals Office hearing. We review these matters for abuse of discretion. See Orum v. Commissioner, 123 T.C. 1, 12-13 (2004), affd. 412 F.3d 819 (7th Cir. 2005); Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Internal Revenue Service guidelines require a taxpayer to be current with filing and payment requirements to qualify for an

installment agreement. 2 Administration, Internal Revenue Manual (CCH), sec. 5.14.1.2(9)(e), at 17,504. The Appeals officer determined that petitioner was noncompliant with his current tax obligations, having failed to fully pay his 2003 taxes and to make estimated tax payments for tax year 2004. Petitioner does not dispute that he was not current with his tax filing and payment requirements but contends that he "was in the process of completing his then current year[']s return and * * * substantial strides had been made toward bringing the Petitioner into complete compliance with the law." Inasmuch as petitioner admits that he was not compliant with his current tax obligations, the Appeals officer did not abuse his discretion in concluding that petitioner was ineligible for an installment agreement.

In rejecting petitioner's installment agreement offer, the Appeals officer also determined that petitioner could afford to fully pay his tax liabilities by borrowing against his 50-percent interest in the real estate. Petitioner contends that this determination was in error.[3] This contention is moot in light of our conclusion that the Appeals officer properly exercised his

---

[3] Petitioner contends that the Appeals officer erred in determining the value of petitioner's 50-percent real estate interest (notwithstanding that the Appeals officer used the identical value that petitioner had listed on his Form 433-A) and in failing to consider the effect of petitioner's joint ownership of the real estate with his brother and the effect that respondent's lien would have on his ability to borrow against the real estate.

discretion in rejecting an installment agreement on the separate ground that petitioner was noncompliant with his current tax obligations. See Orum v. Commissioner, 412 F.3d at 821.

Petitioner contends that the Appeals Office hearing was closed "prematurely". The regulations provide that there is no period of time within which the Appeals Office must conduct a section 6330 hearing or issue a notice of determination and state in part: "Appeals will, however, attempt to conduct a * * * [section 6330 hearing] and issue a Notice of Determination as expeditiously as possible under the circumstances." Sec. 301.6330-1(e)(3), Q&A-E9, Proced. & Admin. Regs.

In Clawson v. Commissioner, T.C. Memo. 2004-106, the taxpayers sought to postpone a proposed levy to allow them time to sell certain real estate. The Appeals officer waited only 9 days after conducting a telephone conference with the taxpayers' representative before issuing an adverse determination. The Court concluded that the Appeals officer did not abuse his discretion, stating: "there is neither a requirement nor reason that the Appeals officer wait a certain amount of time before rendering his determination as to a proposed levy." See also Morlino v. Commissioner, T.C. Memo. 2005-203; Roman v. Commissioner, T.C. Memo. 2004-20.

Almost 3 weeks elapsed between petitioner's August 31, 2004, telephone conference with the Appeals officer and the issuance of

the notice of determination.  Respondent asserts as an undisputed fact that during the telephone conference, Mr. Burke promised to respond by "the end of the week" but failed to do so.  In his response to respondent's motion for summary judgment, petitioner states without qualification that he does not oppose this factual assertion.  Inconsistently, petitioner's response later states, with regard to another of respondent's assertions of undisputed fact:  "The record does not support the setting of any deadline by any party"; petitioner represents that Mr. Burke has "no recollection of making any promise to 'call ... by the end of the week'".  To resist summary judgment, it is not sufficient to rest upon mere allegations or denials of the other party's pleadings; rather, the response must "set forth specific facts showing that there is a genuine issue for trial."  Rule 121(d).  Petitioner has failed to do so.

For the reasons stated herein, we find and hold that there is no genuine issue as to any material fact remaining for litigation and that a decision may be rendered as a matter of law.  Accordingly,

<u>An appropriate order and decision will be entered</u>.