T.C. Memo. 2012-64

UNITED STATES TAX COURT

MELVIN KENNETH PISETZNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21918-11L.                          Filed March 8, 2012.

Melvin Kenneth Pisetzner, pro se.

<u>John M. Janusz</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  This case is before the Court on respondent's motion for

summary judgment pursuant to Rule 121.[1]  We must decide whether respondent's

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue

(continued...)

Appeals Office abused its discretion when it upheld respondent's notice of intent to levy with respect to petitioner's liability for his 2008 tax year.

Background

The facts set forth below are based upon examination of the pleadings, moving papers, responses, and attachments. Petitioner resided in Tennessee at the time he filed his petition.

Petitioner filed his 2008 Federal income tax return but failed to pay the entire amount of the liability reported on the return. Respondent assessed the tax shown on petitioner's return. On August 20, 2010, respondent mailed petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. On September 15, 2010, petitioner submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, on which he checked the box indicating that he wanted to pursue an installment agreement. On April 19, 2011, respondent's Appeals Office sent petitioner a letter acknowledging receipt of his Form 12153. On May 3, 2011, Settlement Officer Cheryl Wakefield mailed petitioner a letter scheduling a telephone conference for May 25, 2011. On May 23, 2011, petitioner and Ms. Wakefield spoke on the telephone and agreed to reschedule the telephone

[1](...continued)
Code of 1986, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

conference for June 8, 2011. During the call, Ms. Wakefield told petitioner that he needed to complete the Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and submit the required documentation before the conference. However, after consulting with his accountant, petitioner realized that he would not be able to put together the required financial information by June 8, 2011, because of his accountant's unavailability. Consequently, on or about May 31, 2011, he mailed Ms. Wakefield a letter requesting to reschedule the hearing to a later date. He wrote:

> I found out, after our conversation, that my accountant will be unavailable for another two weeks (surgery and recuperation). I clearly need help to complete the complex form you sent me.
>
> I would ask you, once again, to postpone my appointment with you for 3 more weeks, so that my form and accompanying documents can be adequately completed.

Ms. Wakefield agreed to petitioner's request to postpone the conference, and she rescheduled it for June 23, 2011.

However, when petitioner telephoned Ms. Wakefield on June 23, 2011, he was not able to reach her because she was on emergency leave. On or about August 4, 2011, Ms. Wakefield mailed petitioner a letter explaining her unavailability on June 23, 2011, and rescheduling the conference for August 17, 2011. She wrote: "Please be advised that we will make a determination in the Collection Due Process

hearing you requested by reviewing the Collection administrative file and whatever information you have already provided. If you would like to provide information for our consideration, please do so within 13 days (August 17, 2011) from the date on this letter." On August 15, 2011, petitioner mailed Ms. Wakefield a letter requesting to reschedule the conference for after Labor Day because petitioner planned to be on vacation during the scheduled conference. Ms. Wakefield received petitioner's letter on August 19, 2011, and she denied his request to reschedule the conference. Instead, she reviewed the information in the file and, on the basis of that information, issued a notice of determination sustaining the proposed collection action. Petitioner timely filed his petition in this Court.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials and may be granted where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in the light most favorable to the nonmoving party. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d

965 (7th Cir. 1994). However, the party opposing summary judgment must set forth specific facts that show a genuine issue of material fact exists and may not rely merely on allegations or denials in the pleadings. Rule 121(d).

Petitioner contends that summary judgment is inappropriate because there are disputed issues of material fact. Although petitioner does not dispute that he failed to submit a Form 433-A, he contends that the reason he failed to submit a completed Form 433-A is that Ms. Wakefield never sent him a Form 433-A. However, petitioner's contention that Ms. Wakefield never sent him a Form 433-A is contradicted by his own letter to Ms. Wakefield dated May 31, 2011. In that letter, he referred to the "complex form" sent to him by Ms. Wakefield and the "form and accompanying documents" that he needed to submit to her. Accordingly, we conclude that petitioner did receive the Form 433-A from Ms. Wakefield. Although he had months to complete the Form 433-A and submit the accompanying documents, he failed to do so. Because we conclude that there are no disputed issues of material fact, the instant case is ripe for summary judgment.

Where the underlying tax liability is not in issue, we review the determination of the Appeals Office for abuse of discretion. See Sego v. Commissioner, 114 T.C. 604, 610 (2000). In reviewing for abuse of discretion, we will reject the determination of the Appeals Office only if the determination was arbitrary,

capricious, or without sound basis in fact or law.  See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).  Petitioner does not dispute his underlying liability.  Consequently, we review the determination of the Appeals Office for abuse of discretion.

Where, as in the instant case, we review the Appeals Office's determination to sustain the collection action for abuse of discretion, we review the reasoning underlying that determination to decide whether it was arbitrary, capricious, or without sound basis in fact or law.  We do not substitute our judgment for that of the Appeals Office, and we do not decide independently whether we believe the levy should be withdrawn.  See id.

Section 6330(a) provides that the Commissioner shall furnish taxpayers with written notice of their right to a hearing before any property is levied upon.  Section 6330 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a prescribed 30-day period.  Sec. 6330(a) and (b).  If the taxpayer requests such a hearing, the Appeals Office must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1).  The Appeals Office must also determine whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive

than necessary. Sec. 6330(c)(3). Finally, the Appeals Office must consider any issues raised by the taxpayer at the hearing, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives such as an installment agreement. Sec. 6330(c)(2) and (3). A proper hearing may occur by telephone or by correspondence under certain circumstances. See Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.

Petitioner appears to contend that Ms. Wakefield abused her discretion by refusing to reschedule the August 17, 2011, telephone conference. Ms. Wakefield had agreed to reschedule petitioner's telephone conference several times. Despite Ms. Wakefield's warning in her August 4, 2011, letter that she would proceed with her review of petitioner's case on the basis of the administrative file if petitioner failed to contact her at the scheduled time on August 17, 2011, petitioner failed to contact her at the scheduled time. His written request to reschedule the telephone conference was not timely. As we explained in Roman v. Commissioner, T.C. Memo. 2004-20: "The statute only requires that a taxpayer be given a reasonable chance to be heard prior to the issuance of a notice of determination." We conclude that petitioner was given a reasonable chance to be heard and that Ms. Wakefield did not prematurely conclude the hearing. Moreover, as we explained in Huntress v.

Commissioner, T.C. Memo. 2009-161, the purpose of the hearing is to consider the taxpayer's collection alternative so that where the Appeals Office's denial of a taxpayer's request for a face-to-face hearing did not impede the adequate consideration of a collection alternative, it could not constitute an abuse of discretion.

Respondent contends that the determination of the Appeals Office should be sustained because petitioners failed to provide the required information. We have consistently held that it is not an abuse of discretion for the Appeals Office to reject collection alternatives and sustain the proposed collection action on the basis of the taxpayer's failure to submit requested financial information. See Huntress v. Commissioner, T.C. Memo. 2009-161; Prater v. Commissioner, T.C. Memo. 2007-241; Chandler v. Commissioner, T.C. Memo. 2005-99. In doing so, the Appeals Office is following the requirements of section 301.6330-1(e)(1), Proced. & Admin. Regs.

Petitioner failed to submit the Form 433-A and supporting documents despite having months to do so. On the basis of the undisputed facts, we conclude that the determination of the Appeals Office to sustain the collection action was not arbitrary, capricious, or without sound basis in fact or law. Accordingly, we

will grant respondent's motion and sustain the determination of respondent's Appeals Office to proceed with the proposed collection action.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.