T.C. Memo. 2016-97

UNITED STATES TAX COURT

JOHN O. DREW AND TOYA M. DREW, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30204-14L.                    Filed May 12, 2016.

Charles Zagara, for petitioners.

Karen Lynne Baker, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  In this collection due process (CDP) case, petitioners

seek review, pursuant to sections 6320(c) and 6330(d)(1),[1] of the determinations

by the Internal Revenue Service (IRS or respondent) to uphold notices of Federal

---

[1]All statutory references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure.  We round all dollar amounts to the nearest dollar.

**[*2]** tax lien (NFTL) filing and notices of intent to levy. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection actions was proper as a matter of law. We agree and accordingly will grant the motion.

## Background

The following facts are based on the parties' pleadings and respondent's motion, including the attached affidavits and exhibits. See Rule 121(b). Petitioners resided in Texas when they filed their petition.

Petitioners filed joint Federal income tax returns for 2008, 2010, and 2011 but did not pay the tax shown as due. The IRS properly assessed the tax shown as due on those returns, plus applicable additions to tax and interest, as follows:

| Year | Tax | Sec. 6654(a) | Sec. 6651(a)(2) | Interest |
|------|------|------|------|------|
| 2008 | $58,664 | $1,151 | $2,347 | $1,399 |
| 2010 | 86,881 | 399 | 3,075 | 1,764 |
| 2011 | 34,927 | 588 | 319 | 113 |
| Total | 180,472 | 2,138 | 5,741 | 3,276 |

In an effort to collect these outstanding liabilities, the IRS sent petitioners, in mid-2013, final notices of intent to levy for all three years and an NFTL filing for 2010 and 2011. Petitioners timely requested CDP hearings, seeking an offer-

[*3] in-compromise (OIC) and withdrawal of the lien; they did not challenge their underlying tax liability for any year in issue. Their requests were assigned to a settlement officer (SO1).

Upon receiving petitioners' case, SO1 reviewed the administrative file and confirmed that petitioners' tax liabilities for 2008, 2010, and 2011 had been properly assessed and that all other requirements of applicable law and administrative procedure had been met. Petitioners submitted a Form 656, Offer in Compromise, offering to discharge their aggregate tax liabilities for $7,200, and a Form 433-A, Collection Statement for Wage Earners and Self-Employed Individuals. The Form 433-A listed assets including real property in Cypress, Texas, a vehicle, and two bank accounts.

Telephone CDP hearings were held on December 10, 2013, concerning the notices of intent to levy, and on September 9, 2014, concerning the NFTL filing. During the latter call SO1 discussed with petitioners' representative various discrepancies regarding items listed on their Form 433-A. He explained that another settlement officer, SO2, had been assigned to review their OIC.

SO2 wrote petitioners' representative on September 23, 2014, requesting additional information to verify items on the Form 433-A. Petitioners' representative did not respond to that letter. On October 21, 2014, SO2 called petitioners'

[*4] representative to remind him of the need to submit this information.  He promised to send the information by October 31, 2014, but did not do so.  Having received none of the additional information requested, SO2 recommended that petitioners' OIC be denied on the basis of the information she had.

On November 18, 2014, the IRS issued petitioners a notice of determination sustaining the NFTL filing for 2010 and 2011 and the notices of intent to levy for all three years.  In an attachment to this notice SO1 noted that petitioners' total outstanding tax liabilities as of November 6, 2014, were $251,492.  He noted SO2's determination that petitioners' reasonable collection potential (RCP) was $90,150, consisting of $33,630 of equity in assets and $56,520 of future income.  Because petitioners' OIC of $7,200 was substantially below their RCP, their offer was found to be unacceptable.  SO1 found no support for petitioners' assertion that withdrawal of the lien would facilitate collection of their tax liabilities, and he accordingly sustained the proposed collection actions.

On December 19, 2014, petitioners timely petitioned this Court for review of the notice of determination.  Their petition alleges that "withdrawal of the lien will facilitate collection of the tax liability," that an OIC "is an appropriate collection alternative," and that the IRS "miscalculated taxpayers' reasonable collection

**[\*5]** potential." The petition raises no challenge to petitioners' underlying tax liability for 2008, 2010, or 2011.

On January 21, 2016, respondent filed a motion for summary judgment. By order dated January 27, 2016, we ordered petitioners to respond to the IRS motion by February 29, 2016. This order explained in plain English what petitioners needed to do by way of response and warned them that, "under Tax Court Rule 121(d), judgment may be entered against a party who fails to respond to a Motion for Summary Judgment." Petitioners did not respond to this Court's order and have not otherwise responded to respondent's motion for summary judgment.

Discussion

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121(b) the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Ibid. However, the nonmoving party "may not rest upon the mere allegations or denials" in his pleadings but

**[\*6]** instead "must set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

Because petitioners failed to respond to the motion for summary judgment, the Court could enter a decision against them for that reason alone. See Rule 121(d). We will nevertheless consider the motion on its merits. We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

Where (as here) there is no challenge to the amount of a taxpayer's underlying tax liability, we review the IRS determination for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

In deciding whether SO1 and SO2 abused their discretion in sustaining the collection actions we consider whether they: (1) properly verified that the requirements of any applicable law or administrative procedure have been met; (2) considered any relevant issues petitioners raised; and (3) considered whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioners] that any collection action

[*7] be no more intrusive than necessary." Sec. 6330(c)(3). Our review of the record establishes that SO1 analyzed the transcript of petitioners' account, determined that the tax liabilities at issue were properly assessed, and determined that all other requirements of applicable law and administrative procedure were followed. The main issue petitioners raised concerns their entitlement to a collection alternative.

Section 7122(a) authorizes the IRS to compromise an outstanding tax liability. The regulations set forth three grounds for such compromise: (1) doubt as to liability; (2) doubt as to collectibility; or (3) promotion of effective tax administration. Sec. 301.7122-1(b), Proced. & Admin. Regs. The Secretary may compromise a tax liability based on doubt as to collectibility--the ground petitioners advanced in their OIC--where the taxpayer's assets and income render full collection unlikely. Id. subpara. (2). Conversely, the IRS may reject an OIC where the taxpayer's RCP is greater than the amount he proposes to pay. See Johnson v. Commissioner, 136 T.C. 475, 486 (2011), aff'd, 502 F. App'x 1 (D.C. Cir. 2013). Appeals officers are generally directed to reject offers substantially below the taxpayer's RCP where the offer is premised, as it was here, on doubt as to collectibility. See Rev. Proc. 2003-71, 2003-2 C.B. 517.

**[*8]** This Court does not independently review the reasonableness of the taxpayer's proposed collection alternative. Our review is limited to ascertaining whether the SO's decision to reject that offer was arbitrary, capricious, or without sound basis in law or fact. Murphy, 125 T.C. at 320. We do not substitute our judgment for that of the settlement officer as to the acceptability of a particular offer. See, e.g., Johnson, 136 T.C. at 488.

SO2 determined that petitioners' RCP was $90,150, consisting of $33,630 of equity in assets and $56,520 of future income. Because petitioners offered to pay only $7,200, she did not abuse her discretion in rejecting their offer. Although petitioners assert that SO2 "miscalculated" their RCP, they have adduced no facts suggesting that she abused her discretion in making that calculation. Moreover, petitioners repeatedly failed to supply SO2 with the additional financial information she had requested. A settlement officer does not abuse her discretion by rejecting a collection alternative where the taxpayer has failed, after being given sufficient opportunities, to supply the requisite financial information. See Hawkins v. Commissioner, T.C. Memo. 2015-245, at *9; Maselli v. Commissioner, T.C. Memo. 2010-19, 99 T.C.M. (CCH) 1089, 1092; Roman v. Commissioner, T.C. Memo. 2004-20, 87 T.C.M. (CCH) 835, 838.

[*9]   Petitioners also assert that SO1 abused his discretion by refusing to withdraw the NFTL filing.  The IRS' decision whether to withdraw an NFTL is discretionary:  "If the * * * [IRS] determines conditions for withdrawal are present, the * * * [IRS] may (but is not required to) authorize the withdrawal." Sec. 301.6323(j)-1(c), Proced. & Admin. Regs.  Even where the IRS accepts a collection alternative, withdrawal of an NFTL filing is not automatic.  See Blackman v. Commissioner, T.C. Memo. 2013-194, at *4.  Petitioners have set forth no facts to demonstrate that the withdrawal of the NFTL would facilitate collection of their tax liabilities; speculation along these lines is insufficient to show that SO1 abused his discretion.  See Cunningham v. Commissioner, T.C. Memo. 2014-200, at *23.  Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and sustain the proposed collection actions.

To reflect the foregoing,

An appropriate order and decision will be entered.