T.C. Memo. 2017-231

UNITED STATES TAX COURT

PATRICIA ANN COPPER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16445-16L.                          Filed November 20, 2017.

Patricia Ann Copper, pro se.

Arthur W. Petersen, III and Jayne Michele Wessels, for respondent.

MEMORANDUM OPINION

LAUBER, Judge: In this collection due process (CDP) case petitioner seeks review pursuant to section 6330(d)(1) of the determination by the Internal Revenue Service (IRS or respondent) to sustain proposed collection action by uphold-

**[\*2]** ing the filing of a notice of intent to levy.[1] Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection action was proper as a matter of law. We agree and accordingly will grant the motion.

Background

The following facts are based on the parties' pleadings and respondent's motion, including the attached declaration and exhibits. See Rule 121(b). Petitioner resided in Pennsylvania when she filed her petition.

Petitioner filed a timely Federal income tax return for 2014 but did not pay in full the tax shown as due. The IRS subsequently assessed the tax plus additions to tax under sections 6651(a)(2) and 6654(a); as of January 12, 2016, petitioner's total tax liability for 2014 was $6,945. In an effort to collect this unpaid liability, the IRS sent petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing, and she timely requested a CDP hearing.[2] In her hearing request she

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[2]In her hearing request petitioner checked the boxes for "lien" and "levy" for 2012, 2013, and 2014. However, the notice of collection action mailed to petitioner concerns only a proposed levy for 2014, and that is the only collection action currently before the Court.

[*3] checked the boxes marked "I Cannot Pay Balance" and "Installment Agreement."  She attached a Form 9465, Installment Agreement Request, in which she proposed to discharge her 2014 liability by paying $96 per month for 72 months.

After receiving petitioner's case, a settlement officer (SO) from the IRS Appeals Office reviewed her administrative file and confirmed that the tax liability in question had been properly assessed and that all other requirements of applicable law and administrative procedure had been met.[3]  On April 15, 2016, the SO sent petitioner a letter scheduling a telephone CDP hearing for May 16, 2016.  The SO informed petitioner that, in order for her to consider collection alternatives, petitioner needed to submit before the hearing a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with supporting financial information, plus a signed tax return for 2015.

Petitioner did not participate in the scheduled CDP hearing and did not submit any of the requested documentation.  On May 17, 2016, the SO sent petitioner

[3]Section 6751(b)(1) provides that "[n]o penalty under this title shall be assessed unless the initial determination of such assessment" receives supervisory approval.  This provision does not apply to "any addition to tax under section 6651, 6654, or 6655."  Sec. 6751(b)(2)(A).  Accordingly, the SO was not required to verify that the additions to tax assessed against petitioner under sections 6651(a)(2) and 6654(a) had been approved by a supervisor.

**[*4]** a "last chance" letter allowing her 14 days to submit the requested documentation, but petitioner did not do so. Having received no response from petitioner, the SO closed the case and, on June 30, 2016, issued a notice of determination sustaining the proposed levy. Petitioner timely petitioned this Court seeking redetermination.

On July 25, 2017, respondent filed a motion for summary judgment, to which the Court directed petitioner to respond. Our order informed her that if she disagreed with any facts stated in respondent's motion she should point out those factual issues. We also informed her that failure to respond to our order would be grounds for granting respondent's motion and entering judgment against her. Petitioner did not respond to the Court's order and has not otherwise responded to respondent's motion.

Discussion

A.    <u>Summary Judgment Standard</u>

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992),

**[\*5]** aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary

judgment, we construe factual materials and inferences drawn from them in the

light most favorable to the nonmoving party. Ibid. However, the nonmoving par-

ty may not rest upon mere allegations or denials of her pleadings but instead must

set forth specific facts showing that there is a genuine dispute for trial. Rule

121(d); see Sundstrand Corp., 98 T.C. at 520.

Because petitioner did not respond to the motion for summary judgment, we

could enter decision against her for that reason alone. See Rule 121(d). We will

nevertheless consider the motion on its merits. We conclude that no material facts

are in dispute and that this case is appropriate for summary adjudication.

B.     Standard of Review

Section 6330(d)(1) does not prescribe the standard of review that this Court

should apply in reviewing an IRS administrative determination in a CDP case.

But our case law tells us what standard to adopt. Where the validity of the taxpay-

er's underlying tax liability is properly at issue, we review the IRS' determination

de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where (as here)

the taxpayer's underlying liability is not before us,[4] we review the IRS decision for

---

[4]Petitioner self-reported a tax liability of $11,374 on her 2014 return. She
did not dispute that liability during the CDP proceeding or in her petition to this

(continued...)

**[*6]** abuse of discretion only. See <u>Goza</u>, 114 T.C. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. <u>Murphy v. Commissioner</u>, 125 T.C. 301, 320 (2005), <u>aff'd</u>, 469 F.3d 27 (1st Cir. 2006); <u>see also</u> <u>Keller v. Commissioner</u>, 568 F.3d 710, 716 (9th Cir. 2009), <u>aff'g in part</u> T.C. Memo. 2006-166.

C.     <u>Analysis</u>

The only question is whether the IRS properly sustained the proposed collection action for petitioner's 2014 tax year. We review the record to determine whether the SO: (1) properly verified that the requirements of any applicable law or administrative procedure have been met; (2) considered any relevant issues petitioner raised; and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." <u>See</u> sec. 6330(c)(3).

A taxpayer may raise at a CDP hearing relevant issues relating to the collection action and is entitled to make offers of collection alternatives. <u>See</u> sec.

---

[4](...continued)

Court. She is thus precluded from challenging it here. <u>See</u> <u>Thompson v. Commissioner</u>, 140 T.C. 173, 178 (2013) ("A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing."); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

**[\*7]** 6330(c)(2) and (3).  In her hearing request petitioner indicated her intention to seek a collection alternative in the form of an installment agreement (IA).  Section 6159(a) authorizes the IRS to enter into a written agreement allowing a taxpayer to pay a tax liability in installments if the IRS determines that the "agreement will facilitate full or partial collection of such liability."  The IRS has discretion to accept or reject an IA proposed by a taxpayer.  See Thompson v. Commissioner, 140 T.C. 173, 179 (2013); sec. 301.6159-1(c)(1)(i), Proced. & Admin. Regs.[5]

Petitioner attached to her CDP hearing request a Form 9465 in which she proposed to pay $96 per month for 72 months under a "streamlined IA."[6]  The SO determined that petitioner did not meet the criteria for a streamlined IA but indicated that she might qualify for a regular IA with monthly payments of $190.  The SO outlined the documentation petitioner would need to submit to enable the SO to consider such an offer.

---

[5]The transcript of petitioner's 2014 account shows that she entered into an IA in June 2015.  That agreement was withdrawn later that year, apparently because she failed to make the agreed-upon payments.

[6]A streamlined IA is an agreement that may be processed quickly without financial analysis or managerial approval.  This procedure is available for taxpayers whose aggregate unpaid balance of assessments is $50,000 or less.  See Internal Revenue Manual pt. 5.14.5.2 (1)(a) (Dec. 23, 2015).

**[\*8]**  The SO provided petitioner ample time to submit the required documenta-
tion.  Cf. Szekely v. Commissioner, T.C. Memo. 2013-227, 106 T.C.M. (CCH)
375, 377.  After petitioner failed to participate in the scheduled CDP hearing, the
SO sent her a "last chance" letter requesting that she provide the required docu-
mentation by May 31, 2016.  Petitioner failed to supply any documentation by that
date and did not further communicate with the SO.[7]

One month passed before the SO closed the case on June 30, 2016.  That
gave petitioner a total of 2-1/2 months to supply the financial information the SO
needed.  Petitioner could have asked the SO to afford her additional time to submit
the documents, but she made no such request and offered no excuse for neglecting
to supply the information.

We have consistently held that it is not an abuse of discretion for an Ap-
peals officer to reject collection alternatives and sustain the proposed collection
action where the taxpayer has failed, after being given multiple opportunities, to
supply the SO with the required forms and supporting financial information.  See
Huntress v. Commissioner, T.C. Memo. 2009-161; Prater v. Commissioner, T.C.

---

[7]Petitioner asserts in her petition that she attempted to contact the IRS, with-
out success, to reschedule her CDP hearing.  The SO's adverse determination,
however, was based not on her failure to participate in the hearing but on her fail-
ure to respond to the SO's "last chance" letter and submit the requested documen-
tation despite several opportunities to do so.

[*9] Memo. 2007-241; <u>Roman v. Commissioner</u>, T.C. Memo. 2004-20.  We will accordingly grant respondent's motion for summary judgment and sustain the proposed collection action.  We note that petitioner is free to submit to the IRS at any time, for its consideration and possible acceptance, an IA supported by the necessary financial information.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.