PATRICIA ANN COPPER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent Patricia Ann Copper v. Comm'r
Docket No. 16445-16L United States Tax Court
2017 Tax Ct. Memo LEXIS 230; November 20, 2017, Filed
Decision text below is the first available text from the court; it has not been editorially reviewed by LexisNexis. Publisher's editorial review, including Headnotes, Case Summary, Shepard's analysis or any amendments will be added in accordance with LexisNexis editorial guidelines.
*230 Docket No. 16445-16L. Filed November 20, 2017.
Patricia Ann Copper, pro se.
Arthur W. Petersen, IIIand Jayne Michele Wessels, for respondent.
MEMORANDUM OPINION
LAUBER, Judge: In this collection due process (CDP) case petitioner seeks
review pursuant to section 6330(d)(1) of the determination by the Internal Reve-
nue Service (IRS or respondent) to sustain proposed collection action by uphold-
- 2 -
[*2] ing the filing of a notice of intent to levy.1 Respondent has moved for sum-
mary judgment under Rule 121, contending that there are no disputed issues of
material fact and that his determination to sustain the proposed collection action
was proper as a matter of law. We agree and accordingly will grant the motion.
Background
The following facts are based on the parties' pleadings and respondent's
motion, including the attached declaration and exhibits. SeeRule 121(b). Peti-
tioner resided in Pennsylvania when she filed her petition.
Petitioner filed a timely Federal income tax return for 2014 but did not pay
in full the tax shown as due. The IRS subsequently assessed the tax plus additions
to tax under sections 6651(a)(2) and 6654(a); as of January 12, 2016, petitioner's
total tax liability for 2014 was $6,945. In an effort to collect this unpaid liability,
the *231 IRS sent petitioner a Final Notice of Intent to Levy and Notice of Your Right
to a Hearing, and she timely requested a CDP hearing.2 In her hearing request she
1All statutory references are to the Internal Revenue Code in effect at all re-levant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.
2In her hearing request petitioner checked the boxes for "lien" and "levy" for 2012, 2013, and 2014. However, the notice of collection action mailed to peti-tioner concerns only a proposed levy for 2014, and that is the only collection ac-tion currently before the Court.
- 3 -
[*3] checked the boxes marked "I Cannot Pay Balance" and "Installment
Agreement." She attached a Form 9465, Installment Agreement Request, in which
she proposed to discharge her 2014 liability by paying $96 per month for 72
months.
After receiving petitioner's case, a settlement officer (SO) from the IRS Ap-
peals Office reviewed her administrative file and confirmed that the tax liability in
question had been properly assessed and that all other requirements of applicable
law and administrative procedure had been met.3 On April 15, 2016, the SO *232 sent
petitioner a letter scheduling a telephone CDP hearing for May 16, 2016. The SO
informed petitioner that, in order for her to consider collection alternatives, pe-
titioner needed to submit before the hearing a completed Form 433-A, Collection
Information Statement for Wage Earners and Self-Employed Individuals, with
supporting financial information, plus a signed tax return for 2015.
Petitioner did not participate in the scheduled CDP hearing and did not sub-
mit any of the requested documentation. On May 17, 2016, the SO sent petitioner
3Section 6751(b)(1) provides that "[n]o penalty under this title shall be as-sessed unless the initial determination of such assessment" receives supervisory approval. This provision does not apply to "any addition to tax under section 6651, 6654, or 6655." Sec. 6751(b)(2)(A). Accordingly, the SO was not required to verify that the additions to tax assessed against petitioner under sections 6651(a)(2) and 6654(a) had been approved by a supervisor.
- 4 -
[*4] a "last chance" letter allowing her 14 days to submit the requested
documentation, but petitioner did not do so. Having received no response from
petitioner, the SO closed the case and, on June 30, 2016, issued a notice of
determination sustaining the proposed levy. Petitioner timely *233 petitioned this Court
seeking redetermination.
On July 25, 2017, respondent filed a motion for summary judgment, to
which the Court directed petitioner to respond. Our order informed her that if she
disagreed with any facts stated in respondent's motion she should point out those
factual issues. We also informed her that failure to respond to our order would be
grounds for granting respondent's motion and entering judgment against her. Pe-
titioner did not respond to the Court's order and has not otherwise responded to
respondent's motion.
Discussion
A. Summary Judgment Standard
The purpose of summary judgment is to expedite litigation and avoid costly,
time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90
T.C. 678, 681 (1988). The Court may grant summary judgment when there is no
genuine dispute as to any material fact and a decision may be rendered as a matter
of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992),
- 5 -
[*5]aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary
judgment, we construe factual materials and inferences drawn from them in the
light most favorable to the nonmoving party. Ibid. However, the nonmoving par-
ty may not rest upon mere allegations or denials of her pleadings but instead must
set forth specific *234 facts showing that there is a genuine dispute for trial. Rule
121(d); see Sundstrand Corp., 98 T.C. at 520.
Because petitioner did not respond to the motion for summary judgment, we
could enter decision against her for that reason alone. SeeRule 121(d). We will
nevertheless consider the motion on its merits. We conclude that no material facts
are in dispute and that this case is appropriate for summary adjudication.
B. Standard of Review
Section 6330(d)(1) does not prescribe the standard of review that this Court
should apply in reviewing an IRS administrative determination in a CDP case.
But our case law tells us what standard to adopt. Where the validity of the taxpay-
er's underlying tax liability is properly at issue, we review the IRS' determination
de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where (as here)
the taxpayer's underlying liability is not before us,4 we review the IRS decision for
4Petitioner self-reported a tax liability of $11,374 on her 2014 return. She did not dispute that liability during the CDP proceeding or in her petition to this
(continued...)
- 6 -
[*6] abuse of discretion only. See Goza, 114 T.C. at 182. Abuse of discretion
exists when a determination is arbitrary, capricious, or without sound basis in fact
or law. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27
(1st Cir. 2006); see also Keller v. Commissioner, 568 F.3d 710, 716 (9th Cir.
2009), aff'g in partT.C. Memo. 2006-166.
*235 C. Analysis
The only question is whether the IRS properly sustained the proposed col-
lection action for petitioner's 2014 tax year. We review the record to determine
whether the SO: (1) properly verified that the requirements of any applicable law
or administrative procedure have been met; (2) considered any relevant issues pe-
titioner raised; and (3) determined whether "any proposed collection action bal-
ances the need for the efficient collection of taxes with the legitimate concern of
* * * [petitioner] that any collection action be no more intrusive than necessary."
Seesec. 6330(c)(3).
A taxpayer may raise at a CDP hearing relevant issues relating to the collec-
tion action and is entitled to make offers of collection alternatives. See sec.
4(...continued)
Court. She is thus precluded from challenging it here. See Thompson v. Com-missioner, 140 T.C. 173, 178 (2013) ("A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing."); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.
- 7 -
[*7] 6330(c)(2) and (3). In her hearing request petitioner indicated her intention to
seek a collection alternative in the form of an installment agreement (IA). Section
6159(a) authorizes the IRS to enter into a *236 written agreement allowing a taxpayer to
pay a tax liability in installments if the IRS determines that the "agreement will
facilitate full or partial collection of such liability." The IRS has discretion to
accept or reject an IA proposed by a taxpayer. See Thompson v. Commissioner,
140 T.C. 173, 179 (2013); sec. 301.6159-1(c)(1)(i), Proced. & Admin. Regs.5
Petitioner attached to her CDP hearing request a Form 9465 in which she
proposed to pay $96 per month for 72 months under a "streamlined IA."6 The SO
determined that petitioner did not meet the criteria for a streamlined IA but indi-
cated that she might qualify for a regular IA with monthly payments of $190. The
SO outlined the documentation petitioner would need to submit to enable the SO
to consider such an offer.
5The transcript of petitioner's 2014 account shows that she entered into an IA in June 2015. That agreement was withdrawn later that year, apparently be-cause she failed to make the agreed-upon payments.
6A streamlined IA is an agreement that may be processed quickly without financial analysis or managerial approval. This procedure is available for tax-payers whose aggregate unpaid balance of assessments is $50,000 or less. SeeInternal Revenue Manual pt. 5.14.5.2 (1)(a) (Dec. 23, 2015).
- 8 -
[*8] The SO provided *237 petitioner ample time to submit the required documenta-
tion. Cf. Szekely v. Commissioner, T.C. Memo. 2013-227, 106 T.C.M. (CCH)
375, 377. After petitioner failed to participate in the scheduled CDP hearing, the
SO sent her a "last chance" letter requesting that she provide the required docu-
mentation by May 31, 2016. Petitioner failed to supply any documentation by that
date and did not further communicate with the SO.7
One month passed before the SO closed the case on June 30, 2016. That
gave petitioner a total of 2-1/2 months to supply the financial information the SO
needed. Petitioner could have asked the SO to afford her additional time to submit
the documents, but she made no such request and offered no excuse for neglecting
to supply the information.
We have consistently held that it is not an abuse of discretion for an Ap-
peals officer to reject collection alternatives and sustain the proposed collection
action where the taxpayer has failed, after being given multiple opportunities, to
supply the SO with the required forms and supporting financial information. See
Huntress v. Commissioner, T.C. Memo. 2009-161; Prater v. Commissioner, T.C.
7Petitioner asserts in her petition that she attempted to contact the IRS, with-out success, to reschedule her CDP hearing. The SO's adverse *238 determination, however, was based not on her failure to participate in the hearing but on her fail-ure to respond to the SO's "last chance" letter and submit the requested documen-tation despite several opportunities to do so.
- 9 -
[*9] Memo. 2007-241; Roman v. Commissioner, T.C. Memo. 2004-20. We will
accordingly grant respondent's motion for summary judgment and sustain the pro-
posed collection action. We note that petitioner is free to submit to the IRS at any
time, for its consideration and possible acceptance, an IA supported by the neces-
sary financial information.
To reflect the foregoing,
An appropriate order and decision
will be entered.