T.C. Memo. 2007-241

UNITED STATES TAX COURT

BOBBY J. PRATER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22188-06L.                    Filed August 22, 2007.

<u>Paul R. Tom</u>, for petitioner.

<u>Elizabeth Downs</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This matter is before the Court on

respondent's motion for summary judgment, filed under Rule 121.[1]

---

[1]All Rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code in effect for the years at issue.

## Background

This is an appeal from respondent's determination upholding the proposed use of a levy to collect petitioner's unpaid Federal income tax liabilities for 1999, 2000, 2003, and 2004. Petitioner resided in Hominy, Oklahoma, when the petition was filed.

Petitioner filed income tax returns for 1999, 2000, 2003, and 2004. Petitioner did not pay all of his reported tax liabilities. Respondent assessed the tax owed. On May 1, 2006, respondent sent petitioner a Final Notice of Intent to Levy and Notice of Your Right to Hearing for the years at issue. Petitioner timely submitted a Form 12153, Request for a Collection Due Process Hearing. In his request, petitioner asserted that a levy would cause him "irreparable harm" and requested payment of his tax liabilities through an installment agreement.

On August 16, 2006, Settlement Officer Norman E. Chapman (Officer Chapman) sent petitioner a letter acknowledging petitioner's request for a section 6330 hearing and scheduled a telephone conference on September 18, 2006, to discuss collection alternatives. Before the conference, Officer Chapman requested that petitioner produce a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and proof of estimated tax payments for 2005 and the first and second

quarters of 2006. Officer Chapman informed petitioner that he could not consider collection alternatives without petitioner's financial information. Petitioner failed to submit any of the requested information to Officer Chapman.

On September 18, 2006, Officer Chapman held petitioner's section 6330 hearing by telephone with petitioner's representative. Officer Chapman explained that he could not consider an installment agreement without petitioner's financial information. Petitioner's representative responded that he did not have the requested information. On September 25, 2006, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining respondent's proposed collection action.

On October 31, 2006, the petition was filed. Petitioner alleges that although he was unable to obtain all of the requested information before the September 18, 2006, telephone conference, he now possesses the necessary financial information. Petitioner thus requests that the Court remand his case to the Appeals Office to consider an installment agreement.

On May 10, 2007, we issued petitioner a notice setting his case for trial during the Court's October 15, 2007, Oklahoma City, Oklahoma, trial session. On May 10, 2007, respondent filed a motion for summary judgment. On May 11, 2007, we ordered

petitioner to respond to respondent's motion for summary judgment by June 4, 2007.  Petitioner failed to respond.

Discussion

I.   Summary Judgment

Summary judgment is a procedure designed to expedite litigation and avoid unnecessary, time-consuming, and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues presented "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988).  The moving party bears the burden of establishing that there is no genuine issue of material fact, and factual inferences will be drawn in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).  The nonmoving party, however, cannot rest upon the allegations or denials in his pleadings but must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d); Dahlstrom v. Commissioner, supra at 820-821.

II. Section 6330

Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made. If the person makes a request for a hearing, a hearing shall be held before an impartial officer or employee of the Internal Revenue Service Office of Appeals. Sec. 6330(b)(1), (3). At the hearing, a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives. Sec. 6330(c)(2)(A). A taxpayer may contest the existence or amount of the underlying tax liability at the hearing if the taxpayer did not receive a notice of deficiency for the tax liability in question or did not otherwise have an earlier opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see also Sego v Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing, the Appeals Office must make a determination whether the proposed levy action may proceed. The Appeals Office is required to take into consideration: (1) Verification presented by the Secretary that the requirements of applicable law and administrative procedures have been met, (2) relevant issues raised by the taxpayer, and (3) whether the proposed levy action appropriately balances the need for

efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed levy action. Sec. 6330(c)(3).

Section 6330(d)(1) grants this Court jurisdiction to review the determination made by the Appeals Office in connection with the section 6330 hearing. Where the underlying tax liability is not in dispute, the Court will review the determination of the Appeals Office for abuse of discretion. Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Sego v. Commissioner, supra at 610; Goza v. Commissioner, 114 T.C. 176, 182 (2000). An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioner does not dispute his underlying tax liabilities for any of the relevant years. Accordingly, we shall review respondent's determination for abuse of discretion.

In his petition, petitioner alleges that he now has the financial information requested by Officer Chapman and that the Court should remand his case to the Appeals Office for consideration of payment through an installment agreement. Respondent asserts that the Appeals officer did not abuse his discretion by rejecting an installment agreement because petitioner did not provide the requested financial information at the section 6330 hearing.

As we previously stated, Officer Chapman requested that petitioner submit a Collection Information Statement and proof of estimated tax payments for 2005 and the first and second quarters of 2006 before the section 6330 hearing. Officer Chapman warned petitioner that he could not consider an installment agreement without the requested financial information from petitioner. Because petitioner failed to submit the requested financial information,[2] Officer Chapman could not consider petitioner's request to pay his tax liability through an installment agreement. Accordingly, respondent did not abuse his discretion in rejecting an installment agreement and sustaining the proposed collection action. See Chandler v. Commissioner, T.C. Memo. 2005-99; Roman v. Commissioner, T.C. Memo. 2004-20.

We conclude that there is no genuine issue of material fact requiring a trial in this case, and we hold that respondent is entitled to the entry of a decision sustaining the proposed levy as a matter of law.

An appropriate order and decision will be entered.

---

[2]Nothing in the record indicates that petitioner or petitioner's representative requested additional time to submit the requested financial information.