T.C. Memo. 2016-186

UNITED STATES TAX COURT

DWAYNE SMITH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22326-14L.            Filed October 4, 2016.

Dwayne Smith, pro se.

John D. Davis, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, Judge: This case arises from a petition filed in response to a notice of determination concerning collection action(s) under section 6320 and/or 6330[1] dated August 19, 2014 (notice of determination).

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times.

[*2]  We must decide whether to sustain the determinations in the notice of determination.  We hold that we sustain those determinations.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioner resided in Michigan at the time he filed the petition.

On November 29, 2004, respondent assessed against petitioner trust fund recovery penalties under section 6672 that were attributable to the respective unpaid Federal employment tax liabilities of Cass Corridor Food Coop (unpaid tax liabilities) for the following tax periods:

| Period Ended | Penalty under Sec. 6672 |
|---|---|
| 12/31/2001 | $3,427.22 |
| 3/31/2002 | 6,847.10 |
| 6/30/2002 | 5,474.14 |
| 9/30/2002 | 5,859.71 |
| 12/31/2002 | 5,583.68 |
| 3/31/2003 | 4,720.21 |
| 6/30/2003 | 6,847.10 |
| 9/30/2003 | 5,386.62 |
| 12/31/2003 | 6,847.10 |
| 3/31/2004 | 6,847.10 |

**[*3]**   On August 29, 2006, respondent issued to petitioner a notice of Federal tax lien filing and your right to a hearing under I.R.C. section 6320 (notice of tax lien) with respect to the trust fund recovery penalties under section 6672 that were attributable to Cass Corridor Food Coop's respective unpaid tax liabilities that respondent had assessed against him for the above-listed tax periods.  Although petitioner had the opportunity to request under section 6320(b) a hearing with respondent's Appeals Office (Appeals Office) to be held pursuant to section 6330(c) with respect to the notice of tax lien, he did not.

On February 10, 2014, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to the trust fund recovery penalties under section 6672 that were attributable to Cass Corridor Food Coop's respective unpaid tax liabilities that respondent had assessed against him for the following tax periods:

**[*4]**

| Period Ended | Penalty under Sec. 6672 |
| --- | --- |
| 9/30/2003 | [1]$3,287.04 |
| 12/31/2003 | [2]10,849.07 |
| 3/31/2004 | [2]10,849.07 |

[1]The trust fund recovery penalty under sec. 6672 that was attributable to Cass Corridor Food Coop's unpaid tax liability that respondent had assessed on November 29, 2004, against petitioner for the tax period ended September 30, 2003, reflected that after November 29, 2004, petitioner had made a payment with respect to that penalty and that additional interest as provided by law had accrued and been assessed.

[2]The trust fund recovery penalties under sec. 6672 that were attributable to Cass Corridor Food Coop's respective unpaid tax liabilities that respondent had assessed on November 29, 2004, against petitioner for the tax periods ended December 31, 2003, and March 31, 2004, reflected that after November 29, 2004, additional interest as provided by law had accrued and been assessed.

On March 9, 2014, petitioner submitted to respondent Form 12153, Request for a Collection Due Process or Equivalent Hearing (Form 12153). In Form 12153, petitioner requested a hearing with the Appeals Office with respect to the notice of tax lien and the notice of intent to levy. In that form, petitioner indicated that he disagreed with the filing of the notice of tax lien and the notice of intent to levy and stated: "This bill is not mine. I am being accused falsely and persecuted unjustly." In Form 12153, petitioner also requested withdrawal of the tax lien and stated: "I do not owe this tax it is not my bill nor my wife's bill."

**[\*5]** On April 9, 2014, a representative of respondent sent to petitioner a letter (April 9, 2014 letter) in which respondent acknowledged receipt of petitioner's Form 12153 and notified petitioner that his Form 12153 had been forwarded to the Appeals Office. In that letter, respondent also notified petitioner that he qualified for a hearing under section 6330(c) only with respect to the notice of intent to levy.[2]

On July 1, 2014, respondent's settlement officer (settlement officer) who was assigned to petitioner's Form 12153 sent petitioner a letter in which she acknowledged receipt of petitioner's Form 12153. In that letter, the settlement officer scheduled a telephonic hearing with petitioner for 10:30 a.m. on August 5, 2014, with respect to the notice of intent to levy.

On August 5, 2014, the settlement officer held a telephonic hearing with petitioner. During that hearing, petitioner informed the settlement officer that he was not liable for the trust fund recovery penalties under section 6672 that were attributable to Cass Corridor Food Coop's respective unpaid tax liabilities that respondent had assessed against him for the 10 tax periods to which the notice of

---

[2]In the April 9, 2014 letter, a representative of respondent also informed petitioner that he did not qualify for a hearing with respect to the notice of tax lien because it had "been over one-year since a Federal Tax Lien ha[d] been filed".

[*6] tax lien pertained[3] and the three tax periods to which the notice of intent to

levy pertained and to which, inter alia, the notice of tax lien also pertained.[4] The

settlement officer advised petitioner that he was not entitled to dispute his liability

for any of the three tax periods to which the notice of intent to levy pertained.[5]

The settlement officer asked petitioner whether he wanted to discuss collection

alternatives. He declined to do so.

On August 19, 2014, the Appeals Office issued to petitioner a notice of

determination. That notice stated in pertinent part:

**Summary of Determination**

Appeals has found that all legal and administrative requirements for
the proposed action have been met. We have also considered whether
the collection action taken or proposed action balances the need for
the efficient collection of the taxes with the legitimate concern of the
taxpayer that any collection action be no more intrusive than neces-
sary.

Since you did not cooperate in a determination of an alternative to
enforced collections, the Notice of Intent to Levy is appropriate and

---

[3]The notice of tax lien pertained to 10 consecutive tax periods that com-
menced with the tax period ended December 31, 2001, and that ended with the tax
period ended March 31, 2004.

[4]The notice of intent to levy pertained, and the notice of tax lien pertained
inter alia, to the three consecutive tax periods ended September 30 and December
31, 2003, and March 31, 2004.

[5]See supra note 4.

[*7] balances the need for the efficient collection of the taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.

The Notice of Intent to Levy is sustained. * * *

An attachment to the notice of determination stated in pertinent part:

### SUMMARY AND RECOMMENDATION

You filed a request for a Collection Due Process (CDP) hearing under Internal Revenue Code (IRC) § 6330 following receipt of a Notice of Intent to Levy and Notice of Your Right to a Hearing. * * *

The proposed levy action is the appropriate action in this case.

### BRIEF BACKGROUND

The CDP notice was for unpaid tax liabilities from your for [sic] tax periods ending September 30, 2003, December 31, 2003, March 30, 2004 which were assessed Trust Fund Recovery Penalties.

In our letter dated July 1, 2014 we scheduled you a Collection Due Process Hearing on August 5, 2014. We offered you a face to face or correspondence hearing. We enclosed the Form 433-A, Collection Information Statement, to be completed and returned by July 15, 2014 in order to determine your ability to pay.

On August 5, 2014 we conducted your CDP Hearing. Appeals Team Manager, Cynthia Ace was present during the hearing.

### LEGAL AND ADMINISTRATIVE REVIEW

I, Kristine Padua, verified the requirements of any applicable law or administrative procedure were met. IRS records confirmed the proper issuance of the notice and demand, Notice of Intent to Levy and/or

[*8]   Notice of Federal Tax Lien (NFTL) filing, and notice of a right to a Collection Due Process (CDP) hearing.

An assessment was properly made for each tax and period listed on the CDP notice.

Notice and demand for payment was mailed to your last known address.

There was a balance due when the Notice of Intent to Levy was issued or when the NFTL filing was requested.

I had no prior involvement with respect to the specific tax periods either in Appeals or Compliance.

I reviewed the Collection file, IRS records and information you provided.  My review confirmed that the IRS followed all legal and procedural requirements, and the actions taken or proposed were appropriate under the circumstances.

## ISSUES YOU RAISED

### Collection Alternatives Requested

In our letter dated July 1, 2014 we enclosed the Form 433-A, Collection Information Statement, to be completed and returned by July 15, 2014 in order to determine your ability to pay.

On August 5, 2014 during your CDP Hearing you indicated you were not interested in a collection alternative since you did not believe you were liable for the CDP tax years.

### Challenges to the Liability

On your CDP request you indicated you were [accused] falsely and persecuted unjustly.

**[*9]** In our letter dated July 1, 2014 we explained [i]n our letter pursuant to IRC 6330(c)(2)(B), you cannot raise the underlying liability in a Collection Due Process Hearing if you received the Statutory Notice of Deficiency for the tax liability and/or you had the opportunity to dispute such liability.

We also explained our records indicated you previously had the opportunity to dispute the liability when you received Letter 3172Do regarding the Notice of Federal Tax Lien.

On August 5, 2014 during your CDP Hearing you also indicated you had previously appealed the penalties which Internal Revenue Service [sic] agreed to abate other periods which were also assessed the penalty; however, they did not abate the penalties for the CDP tax years.

At that time we explained you were precluded from raising the underlying tax liability since you have had the prior opportunity.

At that time you understood and had no additional questions.

**You raised no other issues.** No other issues raised.

## BALANCING ANALYSIS

We balanced the competing interests in finding the proposed levy appropriate. As discussed above, the assessments at issue is valid. Given your failure to submit a completed Form 433-A, Collection Information Statement, in order to be considered for collection alternatives and/or a deferment, the proposed levy balances the need for efficient collection with your concern that any collection action be no more intrusive than necessary. The Notice of Intent to Levy is sustained.

**[*10]**                                          OPINION

It is petitioner's position that he is not liable for the trust fund recovery

penalties under section 6672 shown in the notice of intent to levy that were

attributable to Cass Corridor Food Coop's respective unpaid tax liabilities that

respondent had assessed against him for the tax periods ended September 30 and

December 31, 2003, and March 31, 2004.

A taxpayer may dispute the existence or the amount of the underlying tax

liability if the taxpayer did not receive a notice of deficiency for that tax liability

or did not otherwise have the opportunity to dispute that tax liability.  Sec.

6330(c)(2)(B).  As pertinent here, section 301.6330-1(e)(3), Q&A-E2, Proced. &

Admin. Regs., provides:

> Q-E2.  When is a taxpayer entitled to challenge the existence or
> amount of the tax liability specified in the CDP Notice?
>
> A-E2.  A taxpayer is entitled to challenge the existence or
> amount of the underlying liability for any tax period specified on the
> CDP Notice if the taxpayer did not receive a statutory notice of
> deficiency for such liability or did not otherwise have an opportunity
> to dispute such liability.  * * * An opportunity to dispute the underly-
> ing liability includes a prior opportunity for a conference with Ap-
> peals that was offered either before or after the assessment of the
> liability.  An opportunity for a conference with Appeals prior to the
> assessment of a tax subject to deficiency procedures is not a prior
> opportunity for this purpose.

[*11] See Lewis v. Commissioner, 128 T.C. 48 (2007) (upholding the validity of section 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs.).

In addition, section 301.6330-1(e)(3), Q&A-E7, Proced. & Admin. Regs., provides:

> Q-E7.  What issues may a taxpayer raise in a CDP hearing under section 6330 if the taxpayer previously received a notice under section 6320 with respect to the same tax and tax period and did not request a CDP hearing with respect to that notice?
>
> A-E7.  The taxpayer may raise appropriate spousal defenses, challenges to the appropriateness of the proposed collection action, and offers of collection alternatives.  The existence or amount of the underlying liability for any tax period specified in the CDP Notice may be challenged only if the taxpayer did not have a prior opportunity to dispute the tax liability.  If the taxpayer previously received a CDP Notice under section 6320 with respect to the same tax and tax period and did not request a CDP hearing with respect to that earlier CDP Notice, the taxpayer had a prior opportunity to dispute the existence or amount of the underlying tax liability.

See Mays v. Commissioner, T.C. Memo. 2006-197, 2006 WL 2639499, at *2-*3 (taxpayer may not dispute the existence or the amount of the underlying tax liability in a hearing under section 6330 if the taxpayer previously received a notice of tax lien under section 6320 for that same tax and tax period and failed to request a hearing under section 6330 with respect to that notice).

On August 29, 2006, respondent issued to petitioner a notice of tax lien with respect to the trust fund recovery penalties under section 6672 that were attribut-

[*12] able to Cass Corridor Food Coop's respective unpaid tax liabilities that respondent had assessed against him for, inter alia, the tax periods ended September 30 and December 31, 2003, and March 31, 2004.  Although petitioner had the opportunity to request under section 6320(b) a hearing with the Appeals Office to be held pursuant to section 6330(c) with respect to the notice of tax lien, he did not.

On the record before us, we find that petitioner is not entitled to dispute the existence or the amounts of the trust fund recovery penalties under section 6672 shown in the notice of intent to levy that were attributable to Cass Corridor Food Coop's respective unpaid tax liabilities that respondent had assessed against him for the tax periods ended September 30 and December 31, 2003, and March 31, 2004.

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, we will review the determination of the Commissioner of Internal Revenue for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).

On the record before us, we find that petitioner has failed to carry his burden of establishing that respondent abused respondent's discretion in making the determinations in the notice of determination.  On that record, we further find that

**[*13]** petitioner has failed to carry his burden of establishing that we should not sustain those determinations.

We have considered all of petitioner's contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.