T.C. Summary Opinion 2018-3

UNITED STATES TAX COURT

PANTANO BAPTIST CHURCH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1422-17S L.                    Filed January 17, 2018.

Pantano Baptist Church, pro se.

<u>Patrick A. Greenleaf</u>, for respondent.

SUMMARY OPINION

LAUBER, <u>Judge</u>:  This collection due process (CDP) case was heard pur-
suant to the provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Under section 7463(b), the decision to be entered is

_____

[1]All statutory references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure.  We round all monetary amounts to the nearest dollar.

not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Petitioner seeks review pursuant to sections 6320(c) and 6330(d)(1) of the determination by the Internal Revenue Service (IRS or respondent) to uphold a notice of Federal tax lien (NFTL) filing. The IRS initiated the collection action with respect to penalties it had assessed against petitioner under section 6721(e) for intentional failure to file correct information returns. We conclude that: (1) petitioner is barred from challenging its liability for the penalties because it had, but failed to avail itself of, a prior opportunity to dispute the penalties before the IRS Appeals Office and (2) the settlement officer did not abuse his discretion in sustaining the collection action. We will accordingly grant respondent's motion for summary judgment.

## Background

The following facts are derived from the parties' pleadings and motion papers, including the attached declarations and exhibits. Petitioner had its principal place of business in Arizona when it filed its petition.

Section 6721(a) imposes an assessable penalty for failure to file correct information returns. This penalty applies when a person required to file an information return neglects to file it on time or fails to include within it all information re-

quired to be shown. Sec. 6721(a)(2)(A) and (B). For the tax years involved here, the penalty was $100 for each return with respect to which such failure occurred. See sec. 6721(a)(1). However, where the taxpayer intentionally disregarded the filing requirement for certain information returns, including Form W-2, Wage and Tax Statement, the penalty was the greater of: (1) $250 per failure or (2) "10% of the aggregate amount of the items required to be reported correctly." Sec. 6721(e)(2).[2]

Petitioner is a church in Tucson, Arizona. It has a number of full- and part-time employees. The IRS determined that petitioner had failed, for its 2010 and 2011 calendar years, to provide the Social Security Administration (SSA) with Forms W-2 for these workers. The IRS sent petitioner a CP215 Notice, Notice of Penalty Charge, for each year informing petitioner of this discrepancy, requesting further information, and notifying petitioner that it risked penalties under section 6721.

Having received no response, the IRS, on December 2, 2013, assessed $5,942 of section 6721(e)(2) penalties against petitioner for 2010. On November

_____

[2]Congress has increased the penalties under sec. 6721(a)(1) and (e)(2) to $250 and at least $500, respectively, for returns required to be filed after December 31, 2015. Trade Preferences Extension Act of 2015, Pub. L. No. 114-27, sec. 806(a)(1), (d)(1), 129 Stat. at 416-417.

3, 2014, the IRS assessed $6,354 of section 6721(e)(2) penalties against petitioner for 2011. In an effort to collect these unpaid liabilities, the IRS prepared for petitioner, on September 9, 2015, a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing. This letter informed petitioner that its unpaid liabilities, including accrued interest, then totaled $12,840. The letter stated: "If you wish to request an Appeals hearing, complete the enclosed Form 12153, Request for a Collection Due Process or Equivalent Hearing, and send it to us within 30 days from this letter's date."

IRS records indicate that Revenue Officer Morgan hand-delivered the Letter 1058 to petitioner during a field visit on September 10, 2015. IRS Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for petitioner's 2010 and 2011 accounts include an entry for September 11, 2015, stating: "Intent to levy collection due process notice[,] return receipt signed." Petitioner took no action in response to the levy notice and did not request an Appeals Office hearing.

In an effort to collect the same unpaid liabilities, the IRS sent petitioner, on November 3, 2015, a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing. Petitioner timely requested a CDP hearing. In its hearing

request petitioner sought discharge or withdrawal of the NFTL; stated that "Taxes were paid, forms were filed"; and requested abatement of the penalties.

The Appeals Office acknowledged receipt of petitioner's hearing request, explaining that if it wished to pursue a collection alternative, it would need to submit Form 433-B, Collection Information Statement for Businesses, with supporting financial information. The scheduling of a CDP hearing was deferred while petitioner sought assistance from the Taxpayer Advocate Service. The settlement officer (SO) eventually held a telephone CDP hearing with petitioner on December 1, 2016.

During the hearing the SO explained that petitioner could not challenge its underlying liability for the penalties because it had had, but failed to take advantage of, a prior opportunity to dispute the penalties in response to the levy notice. In any event, the SO stated that petitioner had not supplied adequate documentation to justify abatement of the penalties. The SO explained that petitioner did not qualify for a collection alternative because: (1) it had not proposed a collection alternative; (2) it had not submitted Form 433-B or the financial information requisite to consideration of a collection alternative; and (3) it was not in current compliance with its tax filing obligations, having neglected to file Form 941, Employer's Quarterly Federal Tax Return, for the period ending June 30, 2016.

The SO reviewed the administrative file and concluded that the penalties had been properly assessed and that all requirements of law and administrative procedure had been satisfied. He determined that petitioner had submitted no information that would entitle it, under section 6323(j), to withdrawal of the NFTL. On December 16, 2016, the IRS sent petitioner a notice of determination sustaining the NFTL filing. Petitioner timely petitioned this Court for review. Respondent filed a motion for summary judgment on September 13, 2017, to which petitioner timely responded.

## Discussion

### A.    Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, unnecessary, and time-consuming trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). Where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading" but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial.

Rule 121(d). Petitioner has identified no material facts in genuine dispute, and we conclude that this case is appropriate for summary adjudication.

B.      Standard of Review

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. Where the taxpayer has properly challenged its underlying tax liability for the period in question, we review the IRS determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the taxpayer's underlying tax liability is not properly before us, we review the IRS' determination for abuse of discretion. Ibid.

A taxpayer may raise a CDP challenge to the existence or amount of its underlying tax liability only if it "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute" it. Sec. 6330(c)(2)(B). In determining whether the taxpayer had a prior opportunity to dispute its liability, the regulations distinguish between liabilities that are subject to deficiency procedures and those that are not. Where a liability is not subject to deficiency procedures, "[a]n opportunity to dispute the underlying liability includes a prior opportunity for a conference with Appeals that was offered either before or after the assessment of the liability." Sec. 301.6320-1(e)(3), Q&A-E2, Proced. &

Admin. Regs.; see Lewis v. Commissioner, 128 T.C. 48 (2007) (upholding validity of this regulation).

As assessable penalties, section 6721 penalties are not subject to deficiency procedures. See secs. 6212(a), 6213(a). Notwithstanding the absence of a notice of deficiency, a taxpayer may be able to dispute its liability for such penalties (without paying them first) by resisting IRS collection efforts through the CDP procedure and then seeking review in this Court. But this route to prepayment judicial review is available only if the taxpayer "did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B).

The regulations specifically provide, in the case of a section 6320 challenge to an NFTL filing: "If the taxpayer previously received a CDP Notice under section 6330 with respect to the same tax and tax period and did not request a CDP hearing with respect to that earlier CDP Notice, the taxpayer had a prior opportunity to dispute the existence or amount of the underlying tax liability." Sec. 301.6320-1(e)(3), Q&A E-7, Proced. and Admin. Regs. The taxpayer therefore cannot challenge its underlying liability when it receives the second CDP notice. The same rule applies in reverse, i.e., where the taxpayer receives a lien notice, to which it does not respond, and later receives a levy notice. See Smith v. Commissioner, T.C. Memo. 2016-186, 112 T.C.M. (CCH) 407, 409-410; Mays v.

<u>Commissioner</u>, T.C. Memo. 2006-197, 92 T.C.M. (CCH) 278, 280; sec. 301.6330-1(e)(3), Q&A-E7, Proced. and Admin. Regs.

The IRS prepared for petitioner a levy notice (Letter 1058) dated September 9, 2015, for the same section 6721(e) penalties. IRS Revenue Officer Morgan hand-delivered the levy notice to petitioner the next day. IRS records confirm that petitioner signed a "return receipt" for this notice.[3]

The Letter 1058 offered petitioner the opportunity for an Appeals Office hearing with respect to the penalties it seeks to challenge here. Because petitioner had had, but failed to take advantage of, a prior opportunity to dispute the penalties, the SO properly determined that petitioner was barred from challenging the penalties at the CDP hearing. Sec. 6330(c)(2)(B); sec. 301.6320-1(e)(3), Q&A-E2, Q&A-E7, Proced. & Admin. Regs. And because petitioner could not challenge the penalties at the CDP hearing, it cannot challenge them here. <u>Giamelli v.</u>

---

[3]Petitioner asserts the IRS "issued a 'Summary of Taxpayer Contact,' not an Intent to Levy." The administrative file includes a Form 9297, Summary of Taxpayer Contact, dated September 9, 2015, by which Revenue Officer Morgan asked petitioner to supply delinquent Forms 941, Employer's Quarterly Federal Tax Return, for certain quarters of 2013 and 2015. But the record likewise includes documents demonstrating that petitioner concurrently received and signed for a levy notice, also dated September 9, 2015, covering the 2010 and 2011 penalty liabilities at issue here. Revenue Officer Morgan delivered both documents to petitioner during the same field visit.

Commissioner, 129 T.C. 107, 114 (2007); Goza v. Commissioner, 114 T.C. at 181-182.[4]

We thus review the SO's actions for abuse of discretion only. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); see also Keller v. Commissioner, 568 F.3d 710, 716 (9th Cir. 2009), aff'g in part T.C. Memo. 2006-166, 92 T.C.M. (CCH) 114.

C.    Analysis

In deciding whether the SO abused his discretion in sustaining the collection action we consider whether he:  (1) properly verified that the requirements of applicable law and administrative procedure had been met; (2) considered any relevant issues petitioner raised; and (3) considered whether "any proposed collection action balances the need for the efficient collection of taxes with the legiti-

---

[4]Petitioner alleges that Revenue Officer Morgan, who examined its 2013 and 2015 tax years, stated that the penalties for 2010 and 2011 would be abated. The document petitioner cites to support that allegation, however, indicates only that abatement would be considered if petitioner supplied evidence that all required information returns for 2010 and 2011 had been timely filed. Entries elsewhere in the administrative file show that petitioner failed to provide such evidence. In any event, this allegation is irrelevant to the SO's conclusion that petitioner could not dispute its underlying liabilities at the CDP hearing because it failed to do so in response to the levy notice.

mate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3).

Our review of the record establishes that the SO reviewed petitioner's transcripts of account to verify that the penalties in question had been properly assessed. In its CDP hearing request, petitioner checked the boxes for NFTL withdrawal and discharge, but it failed to submit any documentation to show that it met any of the categories justifying NFTL withdrawal under section 6323(j). Petitioner has alleged no error of fact or law by the SO on this point.

Petitioner contends that the SO "misrepresented his authority" by issuing the notice of determination 14 days after the CDP hearing concluded, rather than waiting 30 days to permit petitioner to submit additional information. But the SO did not agree to give petitioner 30 additional days to submit information. Rather, as shown by his case activity record, the SO told petitioner that the NFTL filing would be sustained and that petitioner "will have 30 days to file with Tax Court."

Petitioner asserts in its petition that "alternatives to collection were offered" and that the SO "refused to consider" them. But despite the SO's explanation of what was required, petitioner neglected to submit either a Form 433-B or the financial data needed to support it. And petitioner did not put a concrete offer on the table. We have consistently held that it is not an abuse of discretion for an Ap-

peals officer to reject collection alternatives and sustain collection action where the taxpayer has failed, after being given sufficient opportunities, to supply the required forms and supporting financial information. See Huntress v. Commissioner, T.C. Memo. 2009-161, 98 T.C.M. (CCH) 8, 10-11; Prater v. Commissioner, T.C. Memo. 2007-241, 94 T.C.M. (CCH) 209, 210; Roman v. Commissioner, T.C. Memo. 2004-20, 87 T.C.M. (CCH) 835, 838.  We have likewise held that it is not an abuse of discretion for an Appeals officer to reject a collection alternative where the taxpayer is not in compliance with his ongoing tax obligations, as petitioner was not, having failed to file Form 941 for the quarter ending June 30, 2016.  See Cox v. Commissioner, 126 T.C. 237, 257 (2006), rev'd on other grounds, 514 F.3d 1119 (10th Cir. 2008); Hull v. Commissioner, T.C. Memo. 2015-86, 109 T.C.M. (CCH) 1438, 1441.  Finding no abuse of discretion in this or any other respect, we will grant summary judgment for respondent and sustain the proposed collection action.

To reflect the foregoing,

An appropriate order and decision will be entered.