T.C. Memo. 2018-216

UNITED STATES TAX COURT

JAMES EDWARD TERRELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18399-16L.                    Filed December 27, 2018.

James Edward Terrell, pro se.

<u>Stephen C. Welker</u>, <u>Jeffrey E. Gold</u>, and <u>Bartholomew Cirenza</u>, for
respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review pursuant to section 6330(d)[1] of the determination by the Internal

_____

[1]All statutory references are to the Internal Revenue Code in effect at all
                                                        (continued...)

[*2] Revenue Service (IRS or respondent) to uphold the issuance of a notice of intent to levy. The IRS initiated the collection action with respect to petitioner's Federal income tax liabilities for 2009 and 2010. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection action was proper as a matter of law. We agree and accordingly will grant the motion.

## Background

The following facts are based on the parties' pleadings and respondent's motion papers, including the attached declarations and exhibits. See Rule 121(b). Petitioner resided in Washington, D.C., when he filed his petition.

During 2009 and 2010 petitioner worked as a minister and received income consisting of wages, self-employment income, and Social Security benefits. On May 14, 2014, he filed delinquent Federal income tax returns for both years. During the processing of these returns the IRS determined that petitioner had made mathematical errors when calculating his tax. After correcting these mathematical errors, see sec. 6213(b)(1), the IRS made assessments of $2,594 and $5,538 for 2009 and 2010, respectively. For each year the IRS also assessed interest and an

---

(...continued)

relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[*3] addition to tax for late filing.  See sec. 6651(a)(1).  As of January 30, 2015, petitioner had balances due of $941 and $6,512 for 2009 and 2010, respectively.[2] He did not pay these liabilities upon notice and demand for payment.

On January 30, 2015, in an attempt to collect these unpaid liabilities, the IRS sent petitioner a Letter 11, Notice of Intent to Levy (levy notice), for 2009 and 2010.  On February 5, 2015, petitioner submitted a Form 12153, Request for Collection Due Process or Equivalent Hearing, in which he requested relief for his 2006-2008 tax years.  On February 28, 2015, he mailed to the IRS a letter in which he requested a hearing for 2009-2010, the subject of the levy notice.

On March 9, 2015, a settlement officer (SO1) from the IRS Appeals Office contacted petitioner and explained that a hearing could not be held for 2006-2008 because those years were not addressed in the levy notice.  Petitioner asked why the processing of his 2009 return had resulted in a balance due instead of the refund he had requested.  SO1 explained that the IRS had adjusted his tax liability upwards after correcting the mathematical errors mentioned above.  SO1 proposed to schedule a CDP hearing, but petitioner asked that the hearing be deferred to allow him time to submit an amended return for 2009.

---

[2]These balances reflect a reduction for withholding credits totaling $1,560 and $1,032 for 2009 and 2010, respectively.  The 2009 balance also reflects a reduction from an overpayment credit, totaling $574, from tax year 2013.

**[*4]**   Instead of filing a Form 1040X, Amended U.S. Individual Income Tax Return, for 2009, petitioner submitted to the IRS another Form 1040, U.S. Individual Income Tax Return.  The IRS rejected the Form 1040 as duplicative and instructed him to submit a Form 1040X.  He contacted the IRS to say that he lacked the information needed to file a Form 1040X.  He does not contend (and the record does not reflect) that he subsequently filed a Form 1040X for 2009 or 2010.

On August 11, 2015, the IRS sent petitioner a notice of Federal tax lien (NFTL) filing for 2009 and 2010.  On October 16, 2015, well past the 30-day period specified in section 6330(a)(3)(B), petitioner submitted a second Form 12153 requesting a hearing with respect to the NFTL filing and the prior levy notice.  In his hearing request he expressed no interest in a collection alternative but challenged his underlying tax liabilities, stating:  "The IRS has determined that I owe money based on incorrect information."

After receiving the second Form 12153 the IRS assigned another settlement officer (SO2) to petitioner's case.  Concluding that petitioner's October 16, 2015, hearing request was untimely, SO2 scheduled an "equivalent hearing."  See sec. 301.6320-1(i)(1), Proced. & Admin. Regs.  SO2 reviewed the administrative file and confirmed that the IRS had properly assessed petitioner's tax liabilities for 2009 and 2010, had timely issued notices of collection action to his last known

[*5] address, and had satisfied all other requirements of applicable law and administrative procedure.  Upon review of petitioner's account transcripts, SO2 discovered that he was not in compliance with his tax filing obligation for 2014.

On February 22, 2016, SO2 mailed to petitioner (at his current address of record) a letter scheduling a telephone hearing for March 23, 2016.  SO2 indicated that she could not consider collection alternatives unless petitioner submitted specified IRS forms, supporting financial information, and a copy of a signed tax return for 2014.  If petitioner wished to challenge his underlying tax liability for 2009 or 2010, he was instructed to submit within 21 days an amended return for the relevant year.

Petitioner submitted none of the requested information before the hearing and did not call in for the hearing at the scheduled time on March 23, 2016.  SO2 subsequently called him at the number he had provided, but he did not answer. SO2 attempted to leave a voice message, but petitioner's voice mailbox was full.

Later that day SO2 sent to petitioner (at his current address of record) a "last chance" letter.  This letter explained that the hearing would not be rescheduled but that SO2 would keep the case open for two weeks to permit petitioner to submit the previously requested forms and returns or any other information he wanted to

**[*6]** submit for consideration.  SO2 set a deadline of April 6, 2016, for submission of these documents.

On April 29, 2016, more than three weeks after that deadline had passed, petitioner sent SO2 a letter attaching an incomplete Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with no supporting financial data.  Petitioner acknowledged that he had received SO2's "last chance" letter and stated that he was "working to send [the other requested materials] * * * as soon as possible."  Fifty-eight days later, having received nothing further from petitioner, SO2 closed the case.

On July 18, 2016, the IRS issued petitioner a decision letter in which it sustained the levy notice.[3]  On August 17, 2016, petitioner mailed to this Court a petition for review under section 6330(d)(1).  On August 21, 2018, respondent filed a motion for summary judgment, to which petitioner timely responded.

---

[3]The IRS will ordinarily issue a decision letter after completing an equivalent hearing.  See Moorhous v. Commissioner, 116 T.C. 263, 270 (2001); sec. 301.6330-1(i)(1), Proced. & Admin. Regs.  The decision letter did not address the NFTL filing.

**[*7]**                                    Discussion

A.    Jurisdiction

The Tax Court is a court of limited jurisdiction, and we must first ascertain whether the case before us is one that Congress has authorized us to consider. Sec. 7442.  In a CDP case such as this, our jurisdiction depends on the issuance of a notice of determination following a timely request for a CDP hearing and the filing of a timely petition for review.  Sec. 6330(d)(1); Orum v. Commissioner, 123 T.C. 1, 8 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005).

Respondent initially moved to dismiss this case for lack of jurisdiction on the ground that the IRS had issued petitioner a decision letter rather than a notice of determination.  We normally lack jurisdiction to review a decision letter issued after an equivalent hearing.  Orum, 123 T.C. at 12; Moorhous v. Commissioner, 116 T.C. 263, 270 (2001).  But respondent subsequently withdrew his motion to dismiss, noting correctly that petitioner's February 28, 2015, hearing request was timely with respect to (i.e., was filed within 30 days of) the levy notice, even though his October 16, 2015, hearing request was untimely with respect to the NFTL.  See sec. 6330(a)(3)(B).  Respondent thus agreed, and we conclude, that SO2 incorrectly afforded petitioner an equivalent hearing rather than a CDP

**[\*8]** hearing with respect to the levy notice. See sec. 301.6330-1(c)(2), Q&A-C1 through C4, Proced. & Admin. Regs.

A decision letter constitutes a "determination" sufficient to invoke this Court's jurisdiction when a taxpayer timely requests a CDP hearing but is erroneously afforded an equivalent hearing. See Wilson v. Commissioner, 131 T.C. 47, 53 (2008) ("[T]he name or the label of a document does not control whether the document embodies a determination under section 6330."); Craig v. Commissioner, 119 T.C. 252, 259 (2002). We thus have jurisdiction to review the IRS' determination if the taxpayer petitions this Court within 30 days of the date of the determination. Sec. 6330(d)(1). Here, petitioner mailed his petition to this Court on August 17, 2016, the 30th day after the date appearing on the decision letter (July 18, 2016). The petition was thus timely under the "timely mailed, timely filed" rule. See secs. 6330(d)(1), 7502. We accordingly have jurisdiction to consider this case.

B.    Summary Judgment Standard and Standard of Review

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter

[*9] of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  Sundstrand Corp., 98 T.C. at 520.  However, the nonmoving party may not rest upon mere allegations or denials of his pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial.  Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.  We conclude that the questions before us may appropriately be adjudicated summarily.

Where the validity of the taxpayer's underlying tax liability is properly at issue, we review the IRS determination de novo.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Otherwise we review the outcome of a CDP hearing for abuse of discretion only.  See id. at 182.  Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law.  Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

Petitioner seeks to challenge his underlying tax liabilities for 2009 and 2010.  But he failed to submit any evidence to SO2 on this subject, despite several requests that he do so.  Nor did he submit, during or after the CDP hearing, amended returns showing what he believed his correct tax liabilities for 2009 and 2010 to be.  SO2 advised him on February 22, 2016, of the need to submit amend-

**[*10]** ed returns, but he submitted no returns during the ensuing four months.[4] We conclude that petitioner did not raise a proper challenge to his 2009 and 2010 tax liabilities at the CDP hearing. See sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. (providing that an underlying liability challenge is not properly raised if "the taxpayer fails to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity to present such evidence"). Petitioner is thus precluded from challenging his 2009-2010 liabilities in this Court. See Giamelli v. Commissioner, 129 T.C. 107, 113 (2007); Gentile v. Commissioner, T.C. Memo. 2013-175, 106 T.C.M. (CCH) 75, 76, aff'd, 592 F. App'x 824 (11th Cir. 2014). We therefore review SO2's action for abuse of discretion only.

C.    Analysis

In determining whether the Appeals officer abused her discretion, we consider whether she: (1) properly verified that the requirements of any applicable law or administrative procedure had been met, (2) considered any relevant issues petitioner raised, and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * *

_____

[4]SO1 had previously suspended the CDP hearing at petitioner's request to enable him to file an amended return for 2009. But instead of filing a Form 1040X he submitted another Form 1040, which the IRS rejected as duplicative. See supra p. 4. An IRS employee instructed him to file a Form 1040X, but he apparently did not do so. In any event, he submitted no copies of any amended returns to SO2.

[*11] [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3). Our review of the record confirms that SO2 properly discharged all of these duties.

Petitioner advances three principal contentions. First, he challenges his 2009 and 2010 tax liabilities on the merits, contending that he should "qualify for tax amnesty."[5] As noted supra pp. 9-10, petitioner did not properly challenge his underlying tax liabilities at the CDP hearing. He is thus precluded from advancing this argument here.

Second, petitioner contends that he did not receive the levy notice or SO2's letter scheduling the hearing, alleging that "his neighborhood has a real problem with the U.S. Postal Service" and that "[m]ail is not regularly delivered." Respondent produced copies of the levy notice and SO2's letters; each is addressed to petitioner's current (and last known) address. It is apparent that petitioner received the levy notice (as well as the IRS letter regarding the NFTL filing) because he submitted in response to those communications a Form 12153 and a letter dated February 28, 2015, requesting a hearing concerning the levy notice. It is apparent that he received SO2's "last chance" letter, because he replied to that letter on

---

[5]Although petitioner does not explain the basis for this contention, he may be referring to the exemption from self-employment tax on income derived from the performance of duties as an ordained minister. See sec. 1402(e).

[*12] April 29, 2016, attaching an incomplete Form 433-A and pledging "to send * * * [the other requested materials] as soon as possible." SO2 then deferred closing the case for 58 days, which allowed petitioner more than enough time to submit the relevant documentation. See Shanley v. Commissioner, T.C. Memo. 2009-17, 97 T.C.M. (CCH) 1062, 1065-1066 (finding 14-day deadline reasonable); cf. Szekely v. Commissioner, T.C. Memo. 2013-227, 106 T.C.M. (CCH) 375, 377.[6]

Finally, petitioner asserts that he submitted to SO2 proof that he had filed his delinquent 2014 return, thus allowing her to consider collection alternatives. But petitioner never put a specific collection proposal on the table, and he submitted only a partially completed Form 433-A with no supporting financial data. We have consistently held that it is not an abuse of discretion for an Appeals officer to reject collection alternatives and sustain collection action where (as here) the taxpayer has failed, after being given repeated opportunities, to supply the necessary information. See Solny v. Commissioner, T.C. Memo. 2018-71, at *10; Copper v.

---

[6]Petitioner asserts that he did not call in for the CDP hearing because he did not receive SO2's letter scheduling it. But when petitioner failed to call in, SO2 phoned him at the number he had provided and attempted to leave a voice message. SO2 then took the precaution of sending petitioner a "last chance" letter, which he admits having received. SO2 went the extra mile in attempting to maintain communication with petitioner, and he must bear responsibility for failing to send her the promised documents.

[*13] <u>Commissioner</u>, T.C. Memo. 2017-231, at *8; <u>Huntress v. Commissioner</u>, T.C. Memo. 2009-161, 98 T.C.M. (CCH) 8, 10-11; <u>Prater v. Commissioner</u>, T.C. Memo. 2007-241, 94 T.C.M. (CCH) 209, 210; <u>Roman v. Commissioner</u>, T.C. Memo. 2004-20, 87 T.C.M. (CCH) 835, 838.  Finding no abuse of discretion in this or in any other respect, we will grant summary judgment for respondent and sustain the proposed collection action.[7]

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.

---

[7]In his response to the summary judgment motion petitioner contends for the first time that the IRS erred in failing to issue him a notice of deficiency for 2009 and 2010.  But the assessments for these years were based on the tax that petitioner reported on his delinquent returns, as adjusted to correct mathematical errors.  The IRS can assess the tax shown on a return and make additional assessments arising from correction of mathematical or clerical errors without sending the taxpayer a notice of deficiency.  <u>See</u> secs. 6201(a)(1), 6213(b)(3).