T.C. Memo. 2019-13

UNITED STATES TAX COURT

RONALD CURTISS GRUMBKOW, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15107-17L.                    Filed February 28, 2019.

Ronald Curtiss Grumbkow, pro se.

William J. Gregg and Bartholomew Cirenza, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  In this collection due process (CDP) case, petitioner

seeks review pursuant to section 6330(d)[1] of the determination by the Internal

_____

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[*2] Revenue Service (IRS or respondent) to uphold the issuance of a notice of intent to levy. The IRS initiated this collection action with respect to petitioner's unpaid Federal income tax liability for 2011. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection action was proper as a matter of law. We agree and accordingly will grant the motion.

Background

The following facts are based on the parties' pleadings and respondent's motion papers, including the attached declarations and exhibits. See Rule 121(b). Though residing in North Carolina when he filed his petition, petitioner requested Washington, D.C., as his place of trial.

Petitioner timely filed a Federal income tax return for 2011. Upon examination of his return the IRS determined that he had failed to report certain Social Security income, as well as income from cancellation of credit card debt. On November 18, 2013, the IRS issued him a notice of deficiency reflecting these adjustments.

Petitioner petitioned this Court for review. Following a trial we issued a bench opinion finding that petitioner had conceded the taxability of the Social Security income at issue but that respondent had not met his burden of production

**[*3]** with respect to the alleged cancellation-of-debt income. We accordingly entered a decision sustaining the deficiency to the extent of the tax due on the unreported Social Security income. Grumbkow v. Commissioner, T.C. Dkt. No. 2984-14 (May 29, 2015) (bench opinion). That decision is now final. On October 19, 2015, the IRS assessed the deficiency as thus redetermined, plus applicable interest.

Petitioner did not pay this liability upon notice and demand for payment. On February 6, 2017, in an effort to collect this outstanding liability, the IRS sent petitioner a Letter 11, Notice of Intent to Levy and Notice of Your Right to a Hearing. He timely requested a CDP hearing.

In his hearing request petitioner did not check the box indicating that he desired a collection alternative. (He checked the box for "lien withdrawal," but the IRS had not filed a notice of Federal tax lien for 2011.) Petitioner asserted as the basis for his dispute that he had been subjected to "hacking" by a media company and that this was being investigated by Federal authorities. The IRS assigned his case to a settlement officer (SO) in the Fresno, California, Appeals Office.

On April 21, 2017, the SO sent petitioner a letter scheduling a telephone CDP hearing for June 1, 2017. The SO advised petitioner that she could not consider collection alternatives unless he submitted a Form 433-A, Collection Infor-

[*4] mation Statement for Wage Earners and Self-Employed Individuals, and fulfilled his current Federal tax filing obligations. Having ascertained that petitioner had not filed Federal income tax returns for 2012-2016, the SO informed him that he needed to file and supply her with copies of returns for these five years before she could consider any collection alternative.

The CDP hearing was held as scheduled on June 1, 2017. At that time petitioner had not filed returns for 2012-2016 or submitted any financial documentation. The SO explained that if he filed these returns he might be entitled to refunds that could be used to offset his 2011 liability.

Rather than explore this option petitioner attempted to challenge his underlying liability for 2011. The SO informed him that she could not consider that issue because the amount of his 2011 tax liability had been conclusively determined by this Court. She reiterated that she could not consider a collection alternative unless he filed his 2012-2016 tax returns and submitted the requested financial information. Rather than do this petitioner said that he would pursue his rights in this Court.

On June 13, 2017, the IRS issued petitioner a notice of determination sustaining the proposed levy, and he timely petitioned this Court for redetermination. He alleged in his petition that the "determination was created through false and

**[*5]** misleading data produced by criminal collusion and subterfuge" practiced by a media company and its associates. He further alleged "continued harassment of myself and family by utilizing controlled cast members positioned within authoritative positions within corporate, private, and governmental sectors of the system."

On April 3, 2018, respondent filed a motion for summary judgment. Following a hearing on June 4, 2018, we continued the case to give petitioner time to submit exhibits. On July 12 and August 20, 2018, petitioner filed letters with attachments seemingly aimed at challenging his underlying liability for 2011.

On December 3, 2018, respondent filed another motion for summary judgment. On December 17, 2018, petitioner filed his response, and on January 28, 2019, he filed a supplement to his response. Neither of these filings addresses any of the issues raised in respondent's motion or alleges any disputed issue of material fact.

Discussion

A.    <u>Summary Judgment Standard</u>

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter

[*6] of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. <u>Sundstrand Corp.</u>, 98 T.C. at 520. However, the nonmoving party may not rest upon mere allegations or denials of his pleadings, but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); <u>see</u> <u>Sundstrand Corp.</u>, 98 T.C. at 520. Finding no material facts to be in dispute, we conclude that this case may be adjudicated summarily.

B.     <u>Standard of Review</u>

Neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. But our case law tells us what standard to adopt. Where the validity of the taxpayer's underlying tax liability is properly at issue, we review the IRS' determination de novo. <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000). Where (as here) the taxpayer's underlying liability is not before us,[2] we

_____

[2]Petitioner cannot now challenge his underlying tax liability because he had a prior opportunity to do so when he received the notice of deficiency. <u>See</u> sec. 6330(c)(2)(B); <u>Sego v. Commissioner</u>, 114 T.C. 604, 609 (2000). Petitioner exercised his opportunity to challenge his 2011 tax liability when he petitioned this

(continued...)

**[\*7]** review the IRS decision for abuse of discretion only. <u>See</u> <u>id.</u> at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. <u>Murphy v. Commissioner</u>, 125 T.C. 301, 320 (2005), <u>aff'd</u>, 469 F.3d 27 (1st Cir. 2006).

C.    <u>Analysis</u>

In determining whether the SO abused her discretion we consider whether she: (1) properly verified that the requirements of any applicable law or administrative procedure had been met, (2) considered any relevant issues petitioner raised, and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3). Our review of the record establishes that the SO properly discharged all of these responsibilities.

During his CDP hearing petitioner stated that he disagreed with the amount due. But he was precluded from challenging his 2011 tax liability at the CDP hearing (and in this Court) because he had received a notice of deficiency. <u>See</u>

---

[2](...continued)
Court, and our 2015 decision conclusively established the amount of that liability.

[*8] sec. 6330(c)(2)(B). That gave him a prior opportunity to challenge his underlying tax liability, and he is not entitled to two bites at this apple. See supra note 2.

Petitioner did not submit any offer of a collection alternative. Even if he had done so, he was not in compliance with his tax filing obligations for 2012-2016. The SO could properly have rejected any proposed collection alternative on that ground alone. See Cox v. Commissioner, 126 T.C. 237, 258 (2006), rev'd on other grounds, 514 F.3d 1119 (10th Cir. 2008); Hull v. Commissioner, T.C. Memo. 2015-86, 109 T.C.M. (CCH) 1438, 1441.

Petitioner likewise failed to submit any of the required financial information. We have consistently held that it is not an abuse of discretion for an Appeals officer to reject collection alternatives and sustain collection action where the taxpayer has failed, after being given sufficient opportunities, to supply the required forms and information. See Huntress v. Commissioner, T.C. Memo. 2009-161, 98 T.C.M. (CCH) 8, 10-11; Prater v. Commissioner, T.C. Memo. 2007-241, 94 T.C.M. (CCH) 209, 210.

Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and sustain the proposed collection action. We note that petitioner is free to submit to the IRS at any time, for its consideration and possible

**[*9]** acceptance, a collection alternative in the form of an offer-in-compromise or an installment agreement, supported by the necessary financial information.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.