# United States Tax Court

T.C. Memo. 2025-92

JAMES D. SULLIVAN,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 2589-24L.                                    Filed August 27, 2025.

————

James D. Sullivan, pro se.

*Ryan A. Ault*, *Christopher J. Hoffler*, and *Olivia H. Rembach*, for respondent.

## MEMORANDUM OPINION

SIEGEL, *Special Trial Judge*: This collection case is before the Court on respondent's Motion for Summary Judgment filed December 26, 2024. Respondent's Motion also asks that the Court impose a penalty pursuant to section 6673.[1] Petitioner filed an Objection to the granting of the Motion on January 17, 2025, but nothing presented therein suggests that there is a genuine dispute as to any material fact. For the reasons discussed below, we will grant so much of respondent's Motion as sustains the proposed levy to collect petitioner's unpaid 2016 tax.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*2]**                                        *Background*

The facts presented herein are drawn from the record of the case and the certified Administrative Record. *See* Rule 121(c). These facts are stated solely for the purpose of deciding respondent's Motion and not necessarily as findings of fact for the entire case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

Petitioner, a retired U.S. Air Force officer, lived in North Carolina when he filed his Petition.

In 2017 petitioner filed a federal income tax return for 2016 that reported a refund due but omitted a substantial amount of income he received in 2016: the bulk of a $244,695 lump-sum military retirement distribution from the Defense Finance and Accounting Service (DFAS payment) and a $2,891 payment from State Street Retiree Services (State Street payment).

The Internal Revenue Service (IRS) sent petitioner several letters adjusting his 2016 account. For example, a Notice CP24 dated June 19, 2017, took his reported income at face value but adjusted the applicable standard deduction, resulting in a decreased refund due. A Notice CP2501 dated July 16, 2018, explained that petitioner's "tax return doesn't match the information [the IRS had] on file" because third parties had reported that they paid him $218,412 more than he reported on his return. Similarly, an IRS Notice CP2000, dated February 25, 2019, proposed adjustments to petitioner's 2016 liability to arrive at an amount due of $93,191—not a refund.

On June 10, 2019, respondent issued petitioner a Notice of Deficiency. Stemming from petitioner's omission of retirement income on his return, the Notice of Deficiency determined a deficiency of $71,042, a failure to timely pay penalty of $96, and an accuracy-related penalty of $14,208. Petitioner received the Notice of Deficiency but did not file a petition in response. Instead, he wrote to the IRS to reiterate that, in his view, the State Street payment was not taxable and that not all the DFAS payment should be attributed to 2016. Included in a different letter to the IRS, this one dated June 24, 2019, was a statement acknowledging that petitioner received a refund for 2016 after filing his 2016 return.

The IRS assessed the liability in due course and, when petitioner failed to pay it, issued a Notice of Intent to Levy. Petitioner filed

[*3] Form 12153, Request for a Collection Due Process or Equivalent Hearing. He checked the box on the form that read "I Cannot Pay Balance." In a letter attached to the form, petitioner again claimed the State Street payment he received was not taxable because he did not earn it from holding a "public office," that the DFAS payment he received in 2016 should not be entirely taxable in that year, that he was still due a refund, and that the "IRS has not acted in good faith."

A settlement officer (SO) in respondent's Independent Office of Appeals was assigned to the case. As part of the process of verifying that all administrative and procedural requirements had been met, the SO discovered that the accuracy-related penalty reflected in the Notice of Deficiency had not been properly approved. The SO had the penalty abated. The SO also asked for some additional information from petitioner. Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, which petitioner submitted in response to the SO's request, demonstrated that petitioner had sufficient assets to fully pay the outstanding liability.[2]

The record demonstrates that on or about August 9, 2023, petitioner submitted amended tax returns for 2009–16, attempting to retroactively break up his DFAS payment over those several years. He withdrew the returns under threat of sanctions pursuant to section 6702 (imposing a penalty for frivolous tax submissions), and the amended returns were not processed.

The SO issued petitioner a Notice of Determination on January 3, 2024 (Notice). The Notice sustained the proposed levy both because petitioner was precluded from challenging his underlying liability and because he did not qualify for a collection alternative.

On February 13, 2024, petitioner commenced the instant case. In his Petition he assigned error to respondent's having assessed tax for 2016 on the entire DFAS payment, claimed that the failure to pay a refund "skewed the calculation of liability," and expressed concern that the "IRS has not acted in good faith" such that action by this Court appears to be premature. He did not discuss any collection alternative.

---

[2] We note that petitioner claims at various points in his correspondence with the IRS that he is self-employed, yet the Form 433–A signed July 28, 2021, is blank in the section inquiring about self-employment income.

**[*4]**                                    *Discussion*

Summary judgment may be granted if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Rule 121(a)(2); *Sundstrand Corp.*, 98 T.C. at 520; *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). In deciding whether to grant summary judgment, the factual materials and the inferences drawn therefrom must be considered in the light most favorable to the nonmoving party. *Bond v. Commissioner*, 100 T.C. 32, 36 (1993). However, the nonmoving party may not rest upon mere allegations or denials but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); *see Sundstrand Corp.*, 98 T.C. at 520. The Petition takes issue with respondent's calculation of petitioner's 2016 tax liability; petitioner is not eligible to challenge that liability now.

A taxpayer may contest at a collection hearing the existence or amount of his underlying tax liability only if he did not receive a Notice of Deficiency for the tax year in question or otherwise have a prior opportunity to dispute it. *See* § 6330(c)(2)(B); *Sego v. Commissioner*, 114 T.C. 604, 609 (2000); Treas. Reg. § 301.6330-1(e)(3), Q&A-E2. Petitioner received a Notice of Deficiency for 2016 but did not seek review in this Court. He was therefore precluded from contesting his 2016 liability before the Appeals Office or before us. *See Goza v. Commissioner*, 114 T.C. 176, 182–83 (2000); *Giamelli v. Commissioner*, 129 T.C. 107, 113–14 (2007).

Where, as here, the underlying liability is not properly at issue, the Court reviews the determination for an abuse of discretion. *Sego*, 114 T.C. at 610; *Goza*, 114 T.C. at 182. Abuse of discretion occurs where a determination is arbitrary, capricious, or without sound basis in fact or law. *See, e.g., Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006); *Woodral v. Commissioner*, 112 T.C. 19, 23 (1999).

To determine whether the SO abused his discretion in denying petitioner's request for collection alternatives, we consider whether he (1) properly verified that all requirements of applicable law and administrative procedure were satisfied, (2) considered any relevant issues petitioner raised, and (3) considered whether the proposed collection action balances the need for efficient collection of taxes with any legitimate concern that the collection action be no more intrusive than necessary. *See* § 6330(c)(1)–(3).

**[\*5]** The record demonstrates that the SO verified that all requirements of applicable law and administrative procedure were met. For example, the SO determined not to sustain the substantial understatement penalty because the requirements for doing so had not been satisfied. *See* § 6751(b).

The record also demonstrates that respondent considered any relevant issues petitioner raised. Even if petitioner's contention that his DFAS payment should be taxable for years other than the year of receipt had merit, it would be barred by section 6330(c)(2)(B). Petitioner's meritless claims—including that the Notice of Deficiency issued to him for 2016 is "null and void" and his State Street payment is not taxable at all—are not relevant to our review; there is no requirement that the IRS consider such rhetoric as part of the Appeals process, and we need not consider it now. *See Leyshon v. Commissioner*, T.C. Memo. 2015-104, at \*13–14 (explaining that we would not address frivolous arguments except to explain a genuine misunderstanding of the law), *aff'd*, 649 F. App'x 299 (4th Cir. 2016); *see also Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam); *Burnett v. Commissioner*, T.C. Memo. 2018-204, at \*9.

Petitioner alleges in his Objection that he did not receive a refund check for 2016; we treat this as his suggestion that an issue of material fact remains for trial. As an initial matter, the record demonstrates that petitioner acknowledges receipt of a refund, writing in the attachment to his request for a hearing that "[t]he amount shown on Line 65, $47,991, was paid to me by the IRS subsequent to the submission of the 2016 Form 1040; so it can be disregarded." To the extent he is arguing that he is due a further refund based upon either his original return or the not-processed amended return, we note again that the time for revisiting his 2016 liability has passed. To the extent he raises this concern to argue that the amount of the unpaid liability should be reduced by some sort of credit, there is nothing in the record to suggest, even in the context of summary judgment, that he is due an additional credit.

Perhaps most importantly, petitioner did not properly propose any collection alternatives. Petitioner indicated in his request for a hearing that he could not pay the balance due, but the documents he provided did not substantiate that claim. Petitioner's statement to the effect that he avoids paying property tax "for as long as possible" does not establish that enforced collection would cause financial hardship. He submitted no proposal for an installment agreement or other collection

**[\*6]** alternative, and we have consistently held that it is not an abuse of discretion for an SO to reject collection alternatives and sustain a proposed collection action where the taxpayer has failed to put a specific offer on the table. *See, e.g.*, *Huntress v. Commissioner*, T.C. Memo. 2009-161; *Prater v. Commissioner*, T.C. Memo. 2007-241; *Roman v. Commissioner*, T.C. Memo. 2004-20.

Petitioner also failed to properly challenge the SO's consideration of "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." § 6330(c)(3)(C). Because petitioner did not properly raise this issue, we deem it conceded. *See* Rules 331(b)(4), 121(d). In any event the SO expressly concluded in the Notice that sustaining the levy balanced the need for efficient tax collection with the concern that collection action be no more intrusive than necessary. We find no basis for disturbing the SO's conclusion regarding this requirement.

As for respondent's request that we impose a penalty under section 6673, we will decline to do so at this time. We will, however, take this opportunity to ensure that petitioner is aware of section 6673(a)(1), which authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay, or that the taxpayer's position in such proceedings is frivolous or groundless. Continuing to make arguments such as the one he has maintained with respect to the State Street payment may very well subject him to a section 6673 penalty in future Tax Court proceedings. *See Crain v. Commissioner*, 737 F.2d at 1417; *Wnuck v. Commissioner*, 136 T.C. 498, 501–13 (2011); *Leyshon*, T.C. Memo. 2015-104.

To reflect the foregoing,

*An appropriate order and decision will be entered.*